Eric R. Levine (EL 7677)
Eric P. Heichel (EH 9940)
Jonathan Marquet (JM 0317)
Eiseman Levine Lehrhaupt
& Kakoyiannis, P.C.
805 Third Avenue
New York, New York 10022
(212) 752-1000
*Attorneys for Defendant*
*Lerach Coughlin Stoia Geller Rudman*
*& Robbins LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

LINDA MARSHALL, BEN DAMPIOS, AL : 
SPILLOWAY, BERNIE APOTHEKER, HARRY :      Civ. No. 07-CV-6950 (LAP)
ESPOSITO and BRENT WENTZ, on behalf of :
themselves and all others similarly situated, :

                Plaintiffs, :

                v. :

MILBERG WEISS BERSHAD & SCHULMAN :
LLP, LERACH COUGHLIN STOIA GELLER :
RUDMAN & ROBBINS LLP, MELVYN I. :
WEISS, DAVID J. BERSHAD, and STEVEN G. :
SCHULMAN, DOES 1 THROUGH 15, :

                Defendants. :

-------------------------------------------------------------x

**DEFENDANT LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
THE CLASS ACTION COMPLAINT**

**EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS**
A PROFESSIONAL CORPORATION
805 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 752-1000

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ iii

PRELIMINARY STATEMENT .....................................................................................1

STATEMENT OF FACTS AND ALLEGATIONS.........................................................3

    Allegations Concerning the Wrongful Acts...........................................................3

    Successor-In-Interest Allegations ...........................................................................4

    RICO Allegations....................................................................................................5

    Breach of Fiduciary Duty Allegations ....................................................................5

    Fed. R. Civ P. 23 Allegations .................................................................................6

    Allegations Concerning Improperly Obtained Legal Fees .....................................6

ARGUMENT

POINT I

STANDARD OF REVIEW .............................................................................................7

POINT II

THE COMPLAINT FAILS TO ALLEGE EITHER THAT THE
COUGHLIN FIRM ENGAGED IN ANY WRONGFUL CONDUCT
OR THAT IT IS A SUCCESSOR-IN-INTEREST TO MILBERG
WEISS.............................................................................................................................7

    A.    The Coughlin Firm Did Not Exist At the Time the Vast
            Majority of the Wrongdoing Is Alleged to Have
            Occurred and Is Not Alleged to Have Been Involved in
            the Rest..........................................................................................................7

    B.    The Coughlin Firm Is Not a Successor-In-Interest to
            Milberg Weiss.................................................................................................9

                     Expressed or Implied Assumption of Liability.........................................11

                     De Facto Merger and Mere Continuance...................................................11

                     Fraudulent Transaction to Escape Liability ..............................................12

POINT III

THE RICO CLAIMS ALLEGED ARE DEFICIENT AND MUST BE
DISMISSED AS AGAINST THE COUGHLIN FIRM ................................................................12

    A.    The § 1962 (a) Claims Must Be Dismissed as Against
        the Coughlin Firm ...................................................................................................13

    B.    The § 1962 (b) Claims Must Be Dismissed as Against
        the Coughlin Firm ...................................................................................................13

    C.    The § 1962 (c) Claims Must Be Dismissed as Against
        the Coughlin Firm ...................................................................................................14

POINT IV

THE BREACH OF FIDUCIARY DUTY CLAIMS ALLEGED ARE
DEFICIENT AND MUST BE DISMISSED AS AGAINST THE
COUGHLIN FIRM ............................................................................................................14

POINT V

THE CLAIMS ALLEGED BASED ON A VIOLATION OF FED. R.
CIV. P. 23 ARE DEFICIENT AND MUST BE DISMISSED AS
AGAINST THE COUGHLIN FIRM ......................................................................................15

POINT VI

AS AGAINST THE COUGHLIN FIRM, ALL OF THE CLAIMS
ALLEGED IN THE COMPLAINT FAIL TO COMPLY WITH THE
PLEADING REQUIREMENTS OF FED. R. CIV. P. 9 (B) .......................................................16

POINT VII

PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND
THE COMPLAINT ............................................................................................................18

CONCLUSION ..................................................................................................................18

# TABLE OF AUTHORITIES

## CASES

*Ackerman v. National Property Analysts, Inc.,*
  887 F.Supp. 494 (S.D.N.Y. 1992) ........................................................................ 14

*Amsterdam Tobacco Inc. v. Phillip Morris Inc.,*
  107 F.Supp.2d 210 (S.D.N.Y. 2000)........................................................................ 7

*Baker v. Dorfman,*
  2006 WL 662342 (S.D.N.Y. 2006)....................................................................... 9, 10

*Baron v. Rabinovici,*
  2006 WL 1318426 (E.D.N.Y. 2006)....................................................................... 17

*Batlle v. Associates for Women's Medicine, PLLC,*
  2006 WL 2642137 (S.D.N.Y. 2006)................................................................... 16, 17

*Bell Atlantic Corp. v. Twombly,*
  127 S. Ct. 1955 (2007)........................................................................................... 7

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,*
  369 F.3d 212 (2d Cir. 2004)................................................................................... 3

*Bodie v. Morgenthau,*
  342 F.Supp.2d 193 (S.D.N.Y. 2004)........................................................................ 7

*Cargo Partners AG v. Albatrans, Inc.,*
  207 F.Supp.2d 86 (S.D.N.Y. 2002).................................................................... 10, 11

*Center Cadillac, Inc. v. Bank Leumi Trust Co.,*
  808 F. Supp. 213 (S.D.N.Y. 1992) ........................................................................ 17

*Chandradat v. Navillus Tile,*
  2004 WL 2186562 (S.D.N.Y. Sept. 28, 2004)......................................................... 14

*Cofacredit S.A. v. Windsor Plumbing Supply Co.,*
  187 F.3d 229 (2d Cir. 1999).................................................................................. 14

*DeFazio v. Wallis,*
  500 F.Supp.2d 197 (E.D.N.Y. 2007) ..................................................................... 13

*Digene Corporation v. Ventana Medical Systems, Inc.,*
  476 F.Supp.2d 444 (D. Del. 2007)......................................................................... 16

*Dubai Islamic Bank v. Citibank, N.A.,*

126 F.Supp.2d 659 (S.D.N.Y. 2000) .......................................................................... 12

*Eclaire Advisor Ltd. as Trustee to Daewoo International (America) Corp. Creditor Trust v. Daewoo Engineering & Construction Co., Ltd.,*
375 F.Supp.2d 257 (S.D.N.Y. 2005) ...................................................................... 9, 10

*Estate of Ginor v. Landsberg,*
960 F.Supp. 661 (S.D.N.Y. 1996) ............................................................................ 14

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co.,*
375 F.3d 168 (2d Cir. 2004) ..................................................................................... 16

*Gipson v. Callahan,*
18 F.Supp.2d 662 (W.D. Tex. 1997) ........................................................................ 16

*In re Sharp Intern. Corp.,*
302 B.R. 760 (E.D.N.Y. 2003) .................................................................................. 17

*In re WorldCom, Inc. Securities Litigation,*
303 F.Supp.2d 385 (S.D.N.Y. 2004) ........................................................................ 18

*Linens of Europe, Inc. v. Best Manufacturing, Inc.,*
2004 WL 2071689 (S.D.N.Y. 2004) .................................................................... 10, 11

*Miller v. City of New York,*
2007 WL 1062505 (E.D.N.Y. 2007) ......................................................................... 17

*Montalvo v. Sunroc Corp.,*
179 F.R.D. 420 (S.D.N.Y. 1998) .............................................................................. 18

*Nat'l Group for Communications and Computers, Ltd. v. Lucent Technologies Inc.,*
2004 WL 2903745 (S.D.N.Y. Dec. 15, 2004) ............................................................ 7

*Old Republic Insurance Company v. Hansa World Cargo Service, Inc.,*
170 F.R.D. 361(S.D.N.Y. 1997) .......................................................................... 10, 11

*Prince v. Cablevision Systems Corporation,*
2005 WL 1060373 (S.D.N.Y. 2005) ........................................................................... 3

*Sean Michael Edwards Design, Inc. v. Pyramid Designs,*
1999 WL 1018072 (S.D.N.Y. 1999) ......................................................................... 16

*Tal v. Superior Vending, LLC,*
20 A.D.3d 520, 799 N.Y.S.2d 532 (2d Dep't 2005) ................................................. 15

*USA Certified Merchants, LLC v. Koebel,*
262 F.Supp.2d 319 (S.D.N.Y. 2003) ................................................................... 13, 17

iv

*Weizmann Inst. of Science v. Neschis,*
229 F.Supp.2d 234 (S.D.N.Y. 2002)......................................................................................... 12

## STATUTES

18 U.S.C. § 1962(a) ............................................................................................................5

18 U.S.C. § 1962(b) ...........................................................................................................5

18 U.S.C. § 1962(c) ...........................................................................................................5

18 U.S.C. § 1962(a) ..........................................................................................................13

18 U.S.C. § 1962(b) ..........................................................................................................13

18. U.S.C. 1962(c) ............................................................................................................13

28 U.S.C. § 2072...............................................................................................................16

## PRELIMINARY STATEMENT

Defendant Lerach Coughlin Stoia Geller Rudman & Robbins LLP (the "Coughlin Firm")[1] submits this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12 (b) (6), to dismiss the Class Action Complaint, dated August 2, 2007 (the "Complaint," a true and correct copy of which is annexed to the accompanying Declaration of Eric R. Levine, dated October 30, 2007 (the "Levine Dec.") as Exhibit A) in its entirety as against the Coughlin Firm.[2]

The Complaint asserts causes of action based on RICO violations, breaches of fiduciary duty, and violations of Fed. R. Civ. P. 23. The vast majority of the wrongful conduct alleged in the Complaint is alleged to have occurred before the Coughlin Firm even existed (and all of the allegedly tainted lawsuits identified in the Complaint were initiated prior to the formation of the Coughlin Firm). Moreover, any wrongful conduct that is alleged to have occurred after the formation of the Coughlin Firm is alleged to have been undertaken by Milberg Weiss Bershad & Schulman LLP (the "Milberg Firm"). See Complaint, ¶¶ 15-17, 18-20, 113, 119, 121, 126, 129, 133-146, 158.

Further, the Complaint fails to allege that the Coughlin Firm is a successor-in-interest to Milberg Weiss Bershad Hynes & Lerach, LLP ("Milberg Weiss"), the alleged RICO "enterprise." See Complaint, ¶¶ 37-39. The Complaint merely identifies the Coughlin Firm as a "spin-off" of Milberg Weiss (Complaint, ¶ 22) and states that Milberg Weiss "split into two separate firms": the Coughlin Firm and the Milberg Firm on May 1, 2004. Complaint, ¶ 27. Aside from these two conclusory and legally meaningless allegations, the Complaint does not

---

[1] On or before August 31, 2007, William Lerach ("Lerach") resigned from the Coughlin Firm. As of August 31, 2007, the Coughlin Firm has changed its name to Coughlin Stoia Geller Rudman & Robbins LLP.

[2] The Coughlin Firm makes this motion in accordance with a Stipulation and [Proposed] Order, a true and correct copy of which is annexed to the Levine Dec. as Exhibit B. In short, the Stipulation and [Proposed] Order stays this action for a period of 120 days as to all parties, except, notwithstanding the stay, it allows the Coughlin Firm to proceed with this motion to dismiss.

contain any factual allegations that, if true, would support an assertion that the Coughlin Firm has any liability to plaintiffs. Accordingly, because the Complaint does not allege any wrongdoing by the Coughlin Firm and contains no factual allegations to support a claim that the Coughlin Firm is a successor-in-interest to Milberg Weiss, it must be dismissed in its entirety with prejudice and plaintiffs should be denied leave to replead because such an endeavor would be futile, as nothing can change the facts that the Coughlin Firm did not exist at the time of most of the wrongdoing alleged and was not involved in the wrongdoing that was alleged to have occurred since its formation.

In addition, based on the plaintiffs' abject failure to satisfy even the basic pleading requirements as against the Coughlin Firm for the claims asserted, the Complaint should be dismissed for failure to state a claim as against the Coughlin Firm. Specifically:

(1) In connection with the alleged RICO violations, the Complaint fails to allege that the Coughlin Firm (a) participated in any of the wrongful acts, (b) caused any injury resulting from the wrongful acts, (c) received any improperly obtained income, or (d) used any improperly obtained income to invest in or acquire any legitimate business.

(2) In connection with the alleged breaches of fiduciary duty, the Complaint fails to establish a prior attorney-client relationship between the plaintiffs and the Coughlin Firm, in the absence of which there was never a fiduciary relationship to breach.

(3) In connection with the violations of Fed. R. Civ. P. 23, assuming a private cause of action exists, the Complaint fails to allege that the Coughlin Firm took any actions in breach of the rule.

Finally, if the reference to "all defendants" in paragraph 166 of the Complaint, and the casual references to "defendants" throughout the Complaint, are somehow interpreted to rescue the plaintiffs from all of the aforementioned pleading failures – and clearly they do not – then the

Complaint still fails to state claims for the RICO violations, the breaches of fiduciary duties, and the violation of Fed. R. Civ. P. 23, because it fails to comply with the stringent pleading requirements of Fed. R. Civ. P. 9 (b). This provides a separate basis for dismissing the Complaint.

### STATEMENT OF FACTS AND ALLEGATIONS

The Coughlin Firm was created on May 1, 2004.[3] To date, neither the Coughlin Firm nor any of its current members has been charged or indicted for any criminal act; nor does the Coughlin Firm or any of its current members anticipate being charged or indicted. Indeed, the Coughlin Firm and its current members have been told by the United States Attorneys' Office for the Central District of California ("USAO") in a letter, dated September 17, 2007,[4] that the USAO does not intend to pursue "any criminal charges" against the Coughlin Firm or any of its current members based on violations of federal law prior to the date of the letter.[5]

**Allegations Concerning the Wrongful Acts**

The Complaint alleges that Melvyn I. Weiss, David J. Bershad and Steven Schulman (collectively, the "Individual Defendants") were involved in a pattern of racketeering activity involving mail fraud, wire fraud and commercial bribery that "began in or about 1981 and…is closed-ended." Complaint, ¶ 96. In short, the Complaint alleges that the individual defendants engaged in racketeering activity that consisted of criminal conduct in the prosecution of "more

---

[3] The date that the Coughlin Firm was formed is a matter of public record and this Court can take judicial notice thereof. See, e.g., Prince v. Cablevision Systems Corporation, 2005 WL 1060373, at *5 (S.D.N.Y. 2005), citing, Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212 (2d Cir. 2004). Certified copies of documents filed with the State of California that reflect the Coughlin Firm's date of formation and the date of the Coughlin Firm's name change are annexed to the Levine Dec. as Exhibit C.

[4] This declination letter is a matter of public record, and this Court can take judicial notice thereof. See cases cited in footnote 3. A true and correct copy of this declination letter is annexed to the Levine Dec. as Exhibit D.

[5] The USAO repeats its intention not to pursue the Coughlin Firm or any of its current members in its letter to the Court, dated October 29, 2007, which is attached as Exhibit A to the Stipulation and [Proposed] Order attached to the Levine Dec. as Exhibit B.

than 150" plaintiffs' class action lawsuits, including making illegal payments to lead plaintiffs in order to secure their status as lead counsel. See Complaint, ¶¶ 87-148.

The Complaint identifies eighteen specific class action lawsuits in which the "defendants" allegedly perpetrated the wrongful acts and racketeering activity, all eighteen of which were initiated before the Coughlin Firm even existed.[6] See Complaint, ¶¶ 15-20, 113-114, 119, 121, 126, 129, 133-146, 158. The vast majority of the wrongful conduct alleged in the Complaint regarding these lawsuits is also alleged to have occurred before the Coughlin Firm even existed. See Complaint, ¶¶ 15-20, 113-114, 119, 121, 126, 129, 133-146, 158. As to any wrongful conduct that is alleged to have occurred after the Coughlin Firm was formed, the Complaint alleges that all such wrongful conduct was undertaken by the Milberg Firm, in connection with cases where the Milberg Firm, not the Coughlin Firm, represented class action plaintiffs. See id.

The Complaint contains no allegations that the Coughlin Firm was involved in this pattern of racketeering activity, despite the plaintiffs' efforts to generally characterize many of the allegations as against the "defendants." See Complaint, ¶¶ 87-148.

The Complaint also lists a number of recent actions in which courts refused to appoint Milberg Weiss as lead counsel based on the indictments and various cases in which Milberg Weiss was found to have been in violation of Rule 11 and the PSLRA. However, the Complaint does not allege that any such actions involved the Coughlin Firm. See Complaint, ¶¶ 147-148.

**Successor-In-Interest Allegations**

The Complaint identifies the Coughlin Firm as a "spin-off" of Milberg Weiss

---

[6] The First Superseding Indictment, which is discussed below in detail, and referenced in the Complaint (¶¶ 30, 33, 36), mentions numerous lawsuits not specifically identified in the Complaint. The wrongful conduct alleged to have taken place in connection with all but five of the lawsuits mentioned in the First Superseding Indictment is alleged to have occurred before the Coughlin Firm even existed. The First Superseding Indictment is discussed in detail below at pages 8 through 9.

4

(Complaint, ¶ 22) and states that Milberg Weiss "split into two separate firms": the Coughlin Firm and the Milberg Firm on May 1, 2004. Complaint, ¶ 27. Aside from these two conclusory and legally meaningless allegations, the Complaint does not make any other allegations, conclusory or otherwise, that, if true, would support an assertion that the Coughlin Firm is a successor-in-interest to Milberg Weiss.

In fact, the Complaint alleges that the Milberg Firm "was formerly known as" Milberg Weiss. Complaint, ¶ 21. It is noteworthy that the Complaint does not make any similar factual allegation about the Coughlin Firm.

## RICO Allegations

The Complaint alleges that, "from the 1980's to at least 2004," the Individual Defendants received income from the pattern of racketeering activity alleged throughout the Complaint, and invested that money in the establishment and operation of Milberg Weiss, which was an enterprise engaged in activities in violation of 18 U.S.C. § 1962 (a). Complaint, ¶¶ 149-152.

The Complaint alleges that, "from the 1980's to at least 2004," the Individual Defendants acquired and maintained an interest in and control of Milberg Weiss, which was an enterprise engaged in activities in violation of 18 U.S.C. § 1962 (b). Complaint, ¶¶ 153-156.

The Complaint alleges that Milberg Weiss was a RICO enterprise and that "[d]efendants and others are persons or entities separate and distinct from [Milberg Weiss], the enterprise, and from the pattern of activity in which it engaged," and that "[f]rom the 1980's to at least 2004," the Individual Defendants conducted the affairs of Milberg Weiss as a RICO enterprise engaged in a pattern of racketeering activity consisting of "commercial bribery, mail fraud and wire fraud" in violation of 18 U.S.C. § 1962(c). Complaint, ¶¶ 39, 86-148.

## Breach of Fiduciary Duty Allegations

The Complaint alleges that a lead plaintiff's attorney owes fiduciary duties to the absent

class members and the lead plaintiff – *i.e.*, an attorney-client relationship exists between the lead plaintiff's attorneys and the absent class members – and that a lead plaintiff in a derivative action owes fiduciary duties to the absent class members. See Complaint, ¶¶ 60-66, 66-81, 157-160.

The Complaint alleges that "[a]s counsel to the members of the certified plaintiffs class in the lawsuits captioned…[Milberg Weiss] and the individual defendants owed them fiduciary duties." (Emphasis added.) The Complaint further alleges that Milberg Weis and the individual defendants breached their fiduciary duties by filing false documents, causing clients to make false statements, violating the New York Disciplinary Rules of the Code of Professional Responsibility, violating Fed. R. Civ. P. 11, violating Fed. R. Civ. P. 23(a)(4), and "arranging the appointment of Lead Counsel and Class Representatives who were not loyal to the class." Complaint, ¶¶ 158-159.

The Complaint contains no allegations that the Coughlin Firm ever represented the plaintiffs in the class action lawsuits, or that the Coughlin Firm ever owed any fiduciary duties to the plaintiffs or breached any fiduciary duties to them.

**Fed. R. Civ P. 23 Allegations**

The Complaint alleges violations of Fed. R. Civ. P. 23 (a) (4). The Complaint does not contain any allegations that the Coughlin Firm was involved in any action where Fed. R. Civ. P. 23 (a) (4) was violated. See Complaint, ¶¶ 161-165.

**Allegations Concerning Improperly Obtained Legal Fees**

The Complaint asserts that the various wrongful actions alleged in the Complaint, including making illegal payments to lead plaintiffs in order to secure their status as lead counsel, resulted in hundreds of millions of dollars in legal fees. However, nowhere in the Complaint is it alleged that the Coughlin Firm ever received any of these wrongfully obtained legal fees. See Compliant ¶¶ 7, 91, 100, 166-167.

## ARGUMENT

## POINT I

## STANDARD OF REVIEW

A complaint that fails to state a claim upon which relief can be granted should be dismissed. Fed. R. Civ. P. 12 (b) (6); see also Bodie v. Morgenthau, 342 F.Supp.2d 193, 200 (S.D.N.Y. 2004). The Supreme Court recently clarified that, not only must a pleading set forth facts sufficient to establish a claim technically, it must also set forth sufficient facts for such a claim to be more plausible than not. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965-66 (2007). When deciding a motion to dismiss, the Court is required to accept all well pleaded facts as true and draw all reasonable inferences in favor of the plaintiff; however, a plaintiff's legal conclusions and conclusory allegations are entitled to no deference. Nat'l Group for Communications and Computers, Ltd. v. Lucent Technologies Inc., 2004 WL 2903745 *4 (S.D.N.Y. Dec. 15, 2004) ("Conclusory assertions alone, however, are insufficient to overcome a motion to dismiss under Rule 12(b)(6)."); Amsterdam Tobacco Inc. v. Phillip Morris Inc., 107 F.Supp.2d 210, 213 (S.D.N.Y. 2000) ("the court is not required in a RICO case to accept as true 'conclusions of law or unwarranted deductions'") (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763 (2d Cir. 1994)).

## POINT II

## THE COMPLAINT FAILS TO ALLEGE EITHER THAT THE COUGHLIN FIRM ENGAGED IN ANY WRONGFUL CONDUCT OR THAT IT IS A SUCCESSOR-IN-INTEREST TO MILBERG WEISS

**A.    The Coughlin Firm Did Not Exist At the Time the Vast Majority of the Wrongdoing Is Alleged to Have Occurred and Is Not Alleged to Have Been Involved in the Rest**

The Complaint identifies eighteen specific class action lawsuits in which the "defendants" allegedly perpetrated the wrongful acts and racketeering activity, all eighteen of

which were initiated prior to the formation of the Coughlin Firm. The Coughlin Firm was formed on or about May 1, 2004 and simply did not exist at the time the vast majority of the wrongful conduct detailed in the Complaint is alleged to have occurred. To the extent that the Complaint alleges wrongful conduct that occurred after the formation of the Coughlin Firm, all such wrongful conduct is alleged to have been undertaken by the Milberg Firm, in connection with cases where the Milberg Firm, not the Coughlin Firm, represented class action plaintiffs. See Complaint, ¶¶ 15-20, 113-114, 119, 121, 126, 129, 133-146, 158.

Although not attached to the Complaint as an exhibit, the Complaint references the First Superseding Indictment in United States of America v. Lazar, et al., CR 05-587 (the "First Indictment"), which details numerous instances of wrongful conduct on the part of Milberg Weiss and various others.[7] The First Indictment includes allegations of wrongdoing that occurred after the formation of the Coughlin Firm (May 1, 2004) in connection with only five specific actions. See First Indictment at 19, 61-63. Two of these five actions are specifically identified in the Complaint (as well as the First Indictment), and were on-going at the time the Coughlin Firm was created. See Complaint ¶¶ 113. However, in both cases, shortly after the Coughlin Firm was formed (and before the wrongful conduct alleged in the First Indictment is alleged to have occurred), documents entitled "Notice of Change of Law Firm Name" were filed with the respective courts stating that Milberg Weiss Bershad Hynes & Lerach, LLP (Milberg Weiss) had changed its name to Milberg Weiss Bershad & Schulman LLP (the Milberg Firm),

---

[7] A Second Superseding Indictment was filed in the same action on or about September 20, 2007 (the "Second Indictment"). As the Complaint was filed on or about August 2, 2007, it necessarily does not incorporate the Second Indictment. However, even if the Second Indictment were to be incorporated, it makes no material changes concerning the Coughlin Firm. The Second Indictment is a public document of which this Court can take judicial notice. See cases cited in footnote 3. True and correct copies of the First Indictment and the Second Indictment are annexed hereto as Exhibits E and F, respectively.

and that the Milberg Firm would be continuing the representation.[8] The Coughlin Firm was not involved. The other three actions referenced in the First Indictment that are alleged to have involved wrongful conduct after the formation of the Coughlin Firm are not specifically identified in the Complaint, see First Indictment at 19, 61-63, and were initiated and prosecuted by the Milberg Firm. Although they were initiated by the Milberg Firm after the Coughlin Firm was formed, the plaintiffs therein were not and are not represented by the Coughlin Firm.[9]

Therefore, as the Coughlin Firm did not exist at the time the wrongful acts alleged in the Complaint and the First Indictment occurred and/or did not participate in any of the wrongful acts that did occur after its formation (because, in fact, it never represented any of the plaintiffs in those matters), the only possible way the Coughlin Firm can be held liable for the wrongful acts alleged in the Complaint is as a successor-in-interest to Milberg Weiss.

**B.    The Coughlin Firm Is Not a Successor-In-Interest to Milberg Weiss**

Pursuant to New York law, businesses that purchase or receive the assets of other businesses are generally not deemed to be successors-in-interest, and, therefore, are not generally subject to successor liability. See, e.g., Baker v. Dorfman, 2006 WL 662342, at *3 (S.D.N.Y. 2006); Eclaire Advisor Ltd. as Trustee to Daewoo International (America) Corp. Creditor Trust v. Daewoo Engineering & Construction Co., Ltd., 375 F.Supp.2d 257, 267 (S.D.N.Y. 2005); Linens of Europe, Inc. v. Best Manufacturing, Inc., 2004 WL 2071689, at *7-*8 (S.D.N.Y.

---

[8] The two cases are In re US Oncology, Inc., Shareholders Litigation, CA No. 324-N, Delaware Court of Chancery, New Castle County and In re Barnesandnoble.com, Inc., Shareholder Litigation, CA No. 042-N, Delaware Court of Chancery, New Castle County. The respective "Notice of Change of Law Firm Name" filed in each of these cases are public documents and this Court can take judicial notice thereof. See cases cited in footnote 3. True and correct copies of these notices are annexed to the Levine Dec. as Exhibits G and H, respectively.

[9] The three cases are Vogel v. The Bisys Group, Inc., et al., 04-CV-4048-LTS, United States District Court, Southern District of New York, Vogel v. KVH Industries, Inc., et al., 04-CV-320-ML, United States District Court, District of Rhode Island, and In re Fox Entertainment Group, Inc., Shareholders Litigation, Consolidated Case No. 1033-N, Delaware Court of Chancery, New Castle County. The respective complaints filed in each of these cases are public documents and this Court can take judicial notice thereof. See cases cited in footnote 3. True and correct copies of these complaints, which list the Milberg Firm, and not the Coughlin Firm, as counsel for plaintiffs, are annexed to the Levine Dec. as Exhibits I, J, and K, respectively.

2004); Cargo Partners AG v. Albatrans, Inc., 207 F.Supp.2d 86, 93-114 (S.D.N.Y. 2002); Old

Republic Insurance Company v. Hansa World Cargo Service, Inc., 170 F.R.D. 361, 376

(S.D.N.Y. 1997). However, this general rule is subject to four exceptions, pursuant to which "a

successor business entity may be held liable for the torts of its predecessor if (1) it expressly or

impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of

seller and purchaser [sometimes referred to as the *de facto* merger exception], (3) the purchasing

[entity] was a mere continuance of the selling [entity], or (4) the transaction is entered into

fraudulently to escape [tort liability]." Baker, 2006 WL 662342 at *3.

　　　The Complaint identifies the Coughlin Firm as a "spin-off" of Milberg Weiss and states

that Milberg Weiss "split into two separate firms" – the Coughlin Firm and the Milberg Firm –

on May 1, 2004.[10]  See Complaint, ¶¶ 22, 27. (This does not create any fact issues distinct from

the normal successor-in-interest considerations. See Eclaire Advisor Ltd., 375 F.Supp.2d at 261,

267 (applying New York's successor-in-interest analysis in a "spin-off" situation).) These are

the only two allegations in the entire Complaint that refer to the relationship, if any, between

Milberg Weiss and the Coughlin Firm.  In fact, the Complaint does not allege any facts that, even

if presumed true, would support an assertion that the Coughlin Firm is a successor-in-interest to

Milberg Weiss and thereby subject it to successor liability in accordance with one of the four

exceptions recognized by New York law.  Plaintiffs here do not even plead such a legal

conclusion.[11]

---

[10] It is worth noting that in its October 29, 2007 letter to the Court, which is attached to the Stipulation and [Proposed] Order as Exhibit A, the USAO expressly states that the "[The Milberg Firm] was formerly known as [Milberg Weiss], and is a defendant in the Marshall Action." See Exhibit B to the Levine Dec. The reasonable inference to draw from that statement, coupled with its assertion that the USAO will not pursue the Coughlin Firm or any of its current members, is that the USAO believes the Milberg Firm is the successor-in-interest to Milberg Weiss, not the Coughlin Firm.

[11] In Old Republic Insurance Company, 170 F.R.D. 361, 376 (S.D.N.Y. 1997), the Court found that the allegations contained in the complaint were insufficient to state a claim for successor liability. In reaching this conclusion, the Court stated that the plaintiff "makes no attempt to demonstrate that any [ ] defendant is, in fact, a successor

**Expressed or Implied Assumption of Liability**

The Complaint contains no allegations that the Coughlin Firm expressly or impliedly assumed the tort liability of Milberg Weiss.

**De Facto Merger and Mere Continuance**

Pursuant to New York law, "[c]ourts generally treat the *de-facto*-merger and mere continuation exceptions as one." Linens of Europe, Inc., 2004 WL 2071689 at *8 (internal quotes omitted). Further, "for either exception to apply, it cannot be the case that two distinct corporate entities survive the predicate transaction." Linens of Europe, Inc., 2004 WL 2071689 at *8; see also Cargo Partners AG, 207 F.Supp.2d 86, 93-114 (S.D.N.Y. 2002) (dismissing claims based on successor liability where the complaint contained no allegation that the original entity did not cease to exist upon the sale of its assets).

Here, the Complaint contains no allegations that the Coughlin Firm is a successor-in-interest to Milberg Weiss pursuant to either the *de facto* merger doctrine or as a mere continuation. In fact, according to the allegations of the Complaint, the original entity, Milberg Weiss, did not cease to exist. Rather, the Complaint alleges that the Milberg Firm "was formerly known as" Milberg Weiss. Complaint, ¶ 21. Therefore, according to the allegations of the Complaint, the business of Milberg Weiss survived the "spin-off" of the Coughlin Firm, and continues to this day, in the form of the Milberg Firm. Since the business of Milberg Weiss continues, neither the *de facto* merger exception nor the mere continuation exception can provide a basis for finding that the Coughlin Firm is a successor-in-interest to Milberg Weiss. See Linens of Europe, Inc., 2004 WL 2071689 at *8; Cargo Partners AG, 207 F.Supp.2d 86, 93-114

---

corporation to a previously existing [ ] entity. Simply pleading such a legal conclusion is insufficient to stave off dismissal, even under Rule 8(a)." Old Republic Insurance Company, 170 F.R.D. at 376 (internal citations omitted, emphasis added).

**Fraudulent Transaction to Escape Liability**

The Complaint contains no allegations that the Coughlin Firm was created to fraudulently escape the tort liabilities of Milberg Weiss.

The best evidence that this was not the case is that, even according to the allegations of the Complaint, the business of Milberg Weiss survived the "spin-off" of the Coughlin Firm, and continues as of this day, in the form of the Milberg Firm. See Complaint, ¶ 21. Because the Milberg Firm is identified in the Complaint as the continuation of Milberg Weiss – albeit with a minor name change – to the extent Milberg Weiss was or is subject to any liability, those liabilities are not being avoided. In fact, the Complaint names the Milberg Firm and the Individual Defendants as defendants in this lawsuit. Therefore, it is clear that there are enough potential defendants liable for the alleged wrongful acts.

**POINT III**

**THE RICO CLAIMS ALLEGED ARE DEFICIENT AND MUST BE DISMISSED AS AGAINST THE COUGHLIN FIRM**

Courts in this district recognize that "[c]ivil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device." Dubai Islamic Bank v. Citibank, N.A., 126 F.Supp.2d 659, 670 (S.D.N.Y. 2000) (internal citations omitted). Because of the potency of such charges, it is critical that courts "flush out frivolous RICO allegations at an early stage of the litigation" since "the mere assertion of a civil RICO claim has 'an almost inevitable stigmatizing effect on those named as defendants.'" Weizmann Inst. of Science v. Neschis, 229 F.Supp.2d 234, 245 (S.D.N.Y. 2002) (internal citations omitted). [12]

---

[12] Here, this stigmatizing effect is particularly acute. The Coughlin Firm specializes in plaintiffs' class action lawsuits. The Complaint includes allegations of criminal conduct in the prosecution of plaintiffs' class action lawsuits, including allegations of illegal payments to lead plaintiffs. Therefore, the mere pendency of the Complaint, with its RICO and breach of fiduciary duty allegations, has a direct and chilling effect on the Coughlin Firm's ability to conduct its business.

Because, as discussed in detail in Point II above, the Coughlin Firm did not engage in the wrongful conduct alleged as the predicate for the RICO violations asserted in the Complaint, and cannot be subject to any liability as a successor-in-interest to Milberg Weiss, it simply cannot be subject to RICO liability.  Moreover, even if the Coughlin Firm could somehow be implicated in the alleged wrongful acts, the Complaint still fails to state causes of action as against the Coughlin Firm in particular for RICO violations.  See 18 U.S.C. §§ 1962 (a), (b) and (c).  There are simply no specific allegations that that Coughlin Firm violated RICO.

**A.    The § 1962 (a) Claims Must Be Dismissed as Against the Coughlin Firm**

"In order to plead a violation of subsection (a) of the RICO statute, the plaintiff must allege that each defendant 'has received any income derived, directly or indirectly, from a pattern of racketeering activity…to use or invest, directly or indirectly,…in the acquisition of any interest in, or the establishment or operation of, any enterprise." DeFazio v. Wallis, 500 F.Supp.2d 197, 208 (E.D.N.Y. 2007); see also USA Certified Merchants, LLC v. Koebel, 262 F.Supp.2d 319, 330-31 (S.D.N.Y. 2003).  Plaintiffs also "must allege a use or investment injury that is distinct from any injury resulting from the racketeering predicate acts themselves." USA Certified Merchants, LLC, 262 F.Supp.2d at 330-31.

The Complaint fails to allege that the Coughlin Firm engaged in any of these activities.

**B.    The § 1962 (b) Claims Must Be Dismissed as Against the Coughlin Firm**

"To state a claim under Section 1962 (b), the plaintiff must allege that: (1) the purpose of the defendants' racketeering activity was to acquire an interest or to maintain control of the enterprise; (2) that the defendants in fact acquired an interest or maintained control of the enterprise through their pattern of racketeering activity; and (3) that the plaintiff suffered injury as a result of the acquisition of the enterprise." See DeFazio, 500 F.Supp.2d at 208.

Again, the Complaint fails to allege facts concerning the Coughlin Firm's involvement in

13

any of these acts.

**C.    The § 1962 (c) Claims Must Be Dismissed as Against the Coughlin Firm**

"To establish a claim for a civil violation of section 1962(c), 'a plaintiff must show that he was injured by defendants' (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity....'" Cofacredit S.A. v. Windsor Plumbing Supply Co., 187 F.3d 229, 242 (2d Cir. 1999) (internal citations omitted).  Plaintiffs fail to satisfy any of these requirements.

To have standing to assert a RICO claim, a party must establish that its injury was caused by the defendant's violation of § 1962.  As recently stated by a court in this district when dismissing a plaintiff's RICO claims, "[f]ollowing the proximate cause analysis established by the Second Circuit, the Court recognizes that RICO liability is limited to acts that are a substantial factor in the sequence of responsible causation and cause reasonably foreseeable injuries." Chandradat v. Navillus Tile, 2004 WL 2186562 at *4 (S.D.N.Y. Sept. 28, 2004) (citing Ideal Steel Supply Corp. v. Anza, 373 F.3d 251 (2d Cir. 2004)) (internal quotations omitted). Therefore, here, even if the Complaint could be read to implicate the Coughlin Firm in the conduct of the alleged wrongful acts – which it cannot – the Complaint must still be dismissed based on its failure to allege damages proximately caused by the Coughlin Firm's wrongful acts.

**POINT IV**

**THE BREACH OF FIDUCIARY DUTY CLAIMS ALLEGED ARE DEFICIENT AND MUST BE DISMISSED AS AGAINST THE COUGHLIN FIRM**

It is axiomatic that an attorney owes fiduciary duties to her clients; however, it is equally axiomatic that an attorney does not owe fiduciary duties to parties she does not represent. See, e.g., Estate of Ginor v. Landsberg, 960 F.Supp. 661, 667 (S.D.N.Y. 1996); Ackerman v. National Property Analysts, Inc., 887 F.Supp. 494, 507-8 (S.D.N.Y. 1992); Tal v. Superior Vending, LLC,

14

20 A.D.3d 520, 521, 799 N.Y.S.2d 532, 532 (2d Dep't 2005).

Here, the Coughlin Firm never owed any fiduciary duties to any of the plaintiffs. The vast majority of the attorney-client relationships that arose in the context of actions in which Milberg Weiss is alleged to have acted improperly predate the formation of the Coughlin Firm. Further in those cases initiated or prosecuted after the formation of the Coughlin Firm, the Milberg Firm, and not the Coughlin Firm, represented the plaintiffs. Therefore, it is clear that the Coughlin Firm never represented – and thus never owed any fiduciary duties to – the plaintiffs in this action or any of the plaintiffs in any of the specific actions named in the Complaint.

Accordingly, as a matter of law, the cause of action for breach of fiduciary duty should be dismissed as against the Coughlin Firm with prejudice and the plaintiffs should not be granted leave to amend.

## POINT V

### THE CLAIMS ALLEGED BASED ON A VIOLATION OF FED. R. CIV. P. 23 ARE DEFICIENT AND MUST BE DISMISSED AS AGAINST THE COUGHLIN FIRM

The Complaint alleges violations of Fed. R. Civ. P. 23 (a) (4). The Complaint does not contain any allegations that the Coughlin Firm violated Fed. R. Civ. P. 23 (a) (4). See Complaint, ¶¶ 161-165.

As discussed in Point II, above, the Coughlin Firm did not exist at the time the vast majority of the wrongful conduct alleged in the Complaint is alleged to have occurred. To the extent that the Complaint alleges wrongful conduct that occurred after the formation of the Coughlin Firm, all such wrongful conduct is alleged to have been undertaken by the Milberg Firm in connection with cases where the Milberg Firm, not the Coughlin Firm, represented class

action plaintiffs.[13]

Accordingly, as a matter of law, the cause of action based on violations of Fed. R. Civ. P.

23 (a) (4) must be dismissed as against the Coughlin Firm with prejudice and the plaintiffs

should not be granted leave to amend.

## POINT VI

### AS AGAINST THE COUGHLIN FIRM, ALL OF THE CLAIMS ALLEGED IN THE COMPLAINT FAIL TO COMPLY WITH THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 9 (B)

Fed. R. Civ. P. 9 (b) states: "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and

other condition of mind of a person may be averred generally." To comply with Rule 9 (b), a

complaint must "(1) detail the statements or omissions that the plaintiff contends are fraudulent,

(2) identify the speaker, (3) state where and when the statements (or omissions) were made, and

(4) explain why the statements (or omissions) are fraudulent." Batlle v. Associates for Women's

Medicine, PLLC, 2006 WL 2642137, at *5 (S.D.N.Y. 2006), citing, Eternity Global Master Fund

Ltd. v. Morgan Guar. Trust Co., 375 F.3d 168, 187 (2d Cir. 2004). "In short, the plaintiff must

'set forth the who, what, when, where and how of the alleged fraud.'" Batlle, 2006 WL 2642137

at *5. A complaint "sounding in fraud may not rely on sweeping references to acts by all or

some of the defendants because each named defendant is entitled to be apprised of the facts

surrounding the alleged fraud." Miller v. City of New York, 2007 WL 1062505, at *3 (E.D.N.Y.

---

[13] Additionally, there is no private cause of action based on a violation of the Federal Rules of Civil Procedure. See 28 U.S.C. § 2072 (b) (The Federal Rules of Civil Procedure "shall not abridge, enlarge or modify any substantive right."); see also Digene Corporation v. Ventana Medical Systems, Inc., 476 F.Supp.2d 444, 452 (D. Del. 2007) ('Because the Federal Rules of Civil Procedure do not create a private cause of action, [plaintiff's] claim of civil conspiracy to evade discovery obligations necessarily fails."); Sean Michael Edwards Design, Inc. v. Pyramid Designs, 1999 WL 1018072, at *1 (S.D.N.Y. 1999) (finding that Fed. R. Civ. P. 11 does not create an independent, private cause of action); Gipson v. Callahan, 18 F.Supp.2d 662, 668 (W.D. Tex. 1997) ("[Plaintiff] cites violations and calls for sanctions under the Federal Rules of Civil Procedure ('the Rules') throughout his complaint…the Rules do not create private causes of action.").

2007), quoting, Center Cadillac, Inc. v. Bank Leumi Trust Co., 808 F. Supp. 213, 230 (S.D.N.Y.

1992).

These strict pleading requirements are properly applied to alleged RICO violations and

breaches of fiduciary duty that sound in fraud. See Batlle, 2006 WL 2642137 at *5-*7; Baron v.

Rabinovici, 2006 WL 1318426, at *1 (E.D.N.Y. 2006); USA Certified Merchants, LLC, 262

F.Supp.2d at 332; In re Sharp Intern. Corp., 302 B.R. 760, 770 (E.D.N.Y. 2003).

Here, where the alleged wrongful acts that constitute the basis for the alleged RICO

violations and breaches of fiduciary duty include allegations of plaintiffs' attorneys making

undisclosed and illegal payments to lead plaintiffs to secure their status as lead counsel, there is

no doubt that they sound in fraud. Therefore, the wrongful acts in the Complaint are subject to

the strict pleading requirements of Fed. R. Civ. P. 9 (b).

The Complaint utterly fails to (1) detail any statements or omissions made by the

Coughlin Firm that the plaintiff contends are fraudulent, (2) specifically identify the Coughlin

Firm as the source of any fraudulent conduct, (3) state where and when any fraudulent statements

(or omissions) were made by the Coughlin Firm, and (4) explain why any statements (or

omissions) made by the Coughlin Firm are fraudulent. Further, the reference to "all defendants"

in paragraph 166 of the Complaint, the casual reference to "defendants" throughout the

Complaint, and the definition of the term "Defendants" to include the Coughlin Firm, fails to

bring the Complaint in compliance with the stringent pleading requirements of Fed. R. Civ. P. 9

(b). See Miller v. City of New York, 2007 WL 1062505 at *3; Center Cadillac, Inc., 808 F.

Supp. at 230. In short, as to the Coughlin Firm, the Complaint fails to "set forth the who, what,

when, where and how of the alleged fraud." Batlle, 2006 WL 2642137 at *5. Accordingly, the

Complaint should be dismissed for failure to state a claim as against the Coughlin Firm.

## POINT VII

## PLAINTIFFS SHOULD NOT BE GRANTED LEAVE TO AMEND THE COMPLAINT

It is within this Court's discretion whether to grant plaintiffs leave to amend the

Complaint. See, e.g., In re WorldCom, Inc. Securities Litigation, 303 F.Supp.2d 385, 390-91

(S.D.N.Y. 2004); Montalvo v. Sunroc Corp., 179 F.R.D. 420, 424 (S.D.N.Y. 1998). Further, "it

is appropriate to deny leave to amend if the proposed amendment is futile" or where it appears

that granting leave to amend is unlikely to be productive." See id.

Here, amendment of the Compliant would be absolutely futile. Simply put, plaintiffs

cannot cure their pleading deficiencies because the Coughlin Firm did not exist when the vast

majority of the wrongful acts are alleged to have been committed and, as to those wrongful acts

committed when the Coughlin Firm did actually exist, the Milberg Firm, and not the Coughlin

Firm represented the class action plaintiffs. Therefore, to the extent that any wrongdoing took

place, the Coughlin Firm cannot be liable.

## CONCLUSION

For the foregoing reasons, the Compliant should be dismissed in its entirety with

prejudice as against the Coughlin Firm.

Dated: New York, New York
      October 30, 2007

                                          EISEMAN LEVINE LEHRHAUPT
                                          & KAKOYIANNIS, P.C.

                                          By: _____
                                             Eric R Levine (EL 7677)
                                           805 Third Avenue
                                           New York, New York 10022
                                           (212) 752-1000
                                           *Attorneys for Defendant Lerach Coughlin*
                                           *Stoia Geller Rudman & Robbins LLP*

Of Counsel:
Eric P. Heichel
Jonathan C. Marquet