UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------X
                                    :
LINDA MARSHALL, BEN DAMPIOS,        :
AL SPILLOWAY, BERNIE APOTHEKER,     :   Civil Action No.
HARRY ESPOSITO and BRENT WENTZ,     :
on behalf of themselves and all     :
others similarly situated,          :   07 CV 6950
                                    :
                    Plaintiffs,     :
                                    :
        v.                          :
                                    :
MILBERG WEISS BERSHAD & SCHULMAN    :
LLP, LERACH COUGHLIN STOIA GELLER   :
RUDMAN & ROBBINS LLP, MELVYN I.     :
WEISS, DAVID J. BERSHAD, and        :
STEVEN G. SCHULMAN,                 :
DOES 1 THROUGH 15,                  :
                                    :
                    Defendants.     :
                                    :
-----------------------------------X
```

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT LERACH COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP'S MOTION TO DISMISS THE CLASS
ACTION COMPLAINT AND IN SUPPORT OF PLAINTIFFS'
CROSS-MOTION FOR DISCOVERY PURSUANT TO RULE 56(f)**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 1

FACTS AND ALLEGATIONS . . . . . . . . . . . . . . . . . . . 4

      Background . . . . . . . . . . . . . . . . . . . 4
      Related Criminal Proceedings . . . . . . . . . 7
      Lerach Coughlin . . . . . . . . . . . . . . . . 8
      Procedural . . . . . . . . . . . . . . . . . . 9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 10

  POINT I . . . . . . . . . . . . . . . . . . . . . . . 10

Defendant's Motion Should be Converted
To A Motion For Summary Judgment and
Denied So That Plaintiffs May Conduct Discovery . . . . 10

      Converting Defendant's Motion . . . . . . . . . 10
      Discovery Pursuant to Rule 56(f) . . . . . . . . 14

  POINT II . . . . . . . . . . . . . . . . . . . . . . 17

Defendant's Argument That The Complaint
Fails To Satisfy The Pleading
Requirements Is Barred By Stipulation . . . . . . . . . 17

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 18

i

## TABLE OF AUTHORITIES

**Cases**                                                              **Page(s)**

### FEDERAL CASES

Global Network Commc'ns v. City of New York,
    458 F.3d 150 (2d Cir. 2006) . . . . . . . . . . . . . . . 11

Hellstrom, M.D. v. U.S. Dep't of Veterans Affairs,
    201 F.3d 94 (2d Cir. 2000) . . . . . . . . . . . . . . . 14

Hudson River Sloop Clearwater, Inc. v.
   Department of the Navy,
    891 F.2d 414 (2d Cir. 1989) . . . . . . . . . . . . . . . 15

### FEDERAL STATUTES

18 U.S.C. § 1961 et seq.  . . . . . . . . . . . . . . . 2, 9

18 U.S.C. §§ 1962(a), (b) and (c) . . . . . . . . . . . . 2

Fed. R. Civ. P. 9(b) . . . . . . . . . . . . . 4, 17, 18

Fed. R. Civ. P. 12(b) . . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . 10

Fed. R. Civ. P. 23(a)(4) . . . . . . . . . . . . 2, 7, 9, 14

Fed. R. Civ. P. 56(f) . . . . . . . . . . . . . . . . . 14

## PRELIMINARY STATEMENT

Plaintiffs Linda Marshall, Ben Dampios, Al Spilloway, Bernie Apotheker, Harry Esposito, and Brent Wentz ("Plaintiffs") respectfully submit this memorandum in opposition to the Motion to Dismiss the Class Action Complaint in this case by defendant Lerach Coughlin Stoia Geller Rudman & Robbins LLP's ("Lerach Coughlin" or "Defendant"). Plaintiffs also submit this memorandum in support of their cross-motion for discovery pursuant to Rule 56(f) of the Federal Rules of Civil Procedure.

For more than twenty years, the law firm Milberg Weiss Bershad Hynes & Lerach, LLP (at times known by other names), by and/or through one or more of the defendants in this case, and others, engaged in an illegal scheme to obtain appointments as lead counsel in class actions and/or derivative suits and to receive awards of attorneys fees by secretly making illegal payments to certain of their clients to entice them to serve as Plaintiffs, Lead Plaintiffs, and/or Class Representatives. Plaintiffs filed this action against defendants, including Lerach Coughlin, on their own behalf and, as a class action, on behalf of all persons and entities who were members of the certified plaintiffs classes in the lawsuits in which Milberg Weiss Bershad Hynes & Lerach, LLP (the criminal enterprise), by and/or through defendants, made the illegal payments. Plaintiffs seek to recover treble damages,

1

costs, and attorneys fees for violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO Act"), specifically 18 U.S.C. §§ 1962(a), (b) and (c) (mail fraud, wire fraud, and bribery); breach of fiduciary duty; fraud; and violations of Federal Rule of Civil Procedure 23(a)(4).

Lerach Coughlin moves to dismiss on the following grounds: (1) the majority of the wrongful conduct alleged in the complaint occurred before Lerach Coughlin existed, (2) the complaint fails to allege that Lerach Coughlin is a successor-in-interest to Milberg Weiss Bershad Hynes & Lerach, LLP (the criminal enterprise),[1] (3) the complaint fails to "satisfy the basic pleading requirements," and (4) the complaint fails to comply with the "stringent pleading requirements" of Rule 9(b) of the Federal Rules of Civil Procedure.

Lerach Coughlin's motion should be denied for several reasons. First, notwithstanding Lerach Coughlin's assertion to the contrary, it has not filed a motion to dismiss. The motion before this Court is clearly a motion for summary judgment; and Plaintiffs

---

[1]    Plaintiffs did not, and do not, claim that Lerach Coughlin is liable based on a theory of successor-in-interest liability, but this is not grounds to dismiss the complaint. Instead, Plaintiffs believe that Lerach Coughlin, through William S. Lerach, discussed further below, and possibly others, participated in the illegal scheme and/or benefitted financially from the illegal scheme.

need, and request, an opportunity to conduct discovery before this motion is heard. To date, no discovery has been taken. In order to respond to Lerach Coughlin's motion, Plaintiffs need to conduct discovery relating to the following issues, among others: how Lerach Coughlin was formed and funded; which attorneys left Milberg Weiss Bershad Hynes & Lerach, LLP to join Lerach Coughlin; what cases, if any, did Lerach Coughlin take from Milberg Weiss Bershad Hynes & Lerach, LLP; whether Lerach Coughlin received any money (particularly for attorney's fees) from Milberg Weiss Bershad Hynes & Lerach, LLP or any of the other defendants in this case; whether Lerach Coughlin appeared in any cases in which Milberg Weiss Bershad Hynes & Lerach, LLP is known to have made illegal payments to clients; whether Lerach Coughlin represented any of the individuals know to have received illegal payments from Milberg Weiss Bershad Hynes & Lerach, LLP; and, whether Lerach Coughlin made any payments to the lawyers and/or law firms known to have acted as intermediaries between Milberg Weiss Bershad Hynes & Lerach, LLP and its clients who received illegal payments.

Second, the parties stipulated to stay this action for 120 days, while related criminal matters are proceeding, except to the extent that Lerach Coughlin may move to dismiss on certain specified, limited grounds, i.e., that Lerach Coughlin did not exist at the time of the alleged wrongful acts, did not represent

3

the identified class action class representatives, and/or was not a successor-in-interest to Milberg Weiss Bershad Hynes & Lerach, LLP. Because Lerach Coughlin's claim that the complaint fails to meet the pleading requirements, particularly the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, are not contemplated by the parties' Stipulation, they are improper at this time.

Finally, if this Court hears and grants Lerach Coughlin's motion to dismiss, it should do so without prejudice to amend the complaint.

## FACTS AND ALLEGATIONS

**Background.**[2]  Milberg Weiss Bershad Hynes & Lerach, LLP specialized in serving as plaintiff's counsel in class actions and shareholder derivative actions brought in federal and state courts throughout the United States. Critical to the firm's success was its control of plaintiffs, class representatives, and derivative representatives.

---

[2]    The facts set forth in this section were taken from the Statements of Facts attached to the Plea Agreements signed by William S. Lerach, David J. Bershad, Steven G. Schulman, and Seymour M. Lazar. A copy of each of these Plea Agreements is attached to the Declaration of Russel H. Beatie, dated November 13, 2007, ("Beatie Decl.") filed in opposition to Defendant's Motion to Dismiss and in support of Plaintiffs' cross-motion for discovery.

Beginning in or about the 1970s and continuing through 2005, in order to facilitate the recruitment and retention of named plaintiffs, certain senior partners agreed with various individuals that the firm would secretly pay those individuals a portion of the attorneys' fees the firm obtained in class actions in which such individuals served, or caused a relative or associate to serve, as a named plaintiff. Generally, these individuals were promised that they would be paid approximately 10% of the net attorneys' fees that the firm obtained in their respective class actions.

The Milberg Weiss Bershad Hynes & Lerach, LLP partners who agreed to this illegal scheme included, at least, the individual defendants named in this case, Melvyn I. Weiss, David J. Bershad and Steven G. Schulman, as well as former partner William S. Lerach. The individuals who agreed to serve as named plaintiffs included, at least, Seymour M. Lazar, Howard J. Vogel, and Steven G. Cooperman, as well as three named plaintiffs who resided, at times, in Florida (Plaintiffs do not know their names at this time). Lerach, on behalf of the firm, established the secret payment arrangement with Cooperman.

Milberg Weiss Bershad Hynes & Lerach, LLP, through the conspiring partners, concealed the payments to named plaintiffs by, among other things, paying plaintiffs through selected intermediary law firms, lawyers, and other professionals. The conspiring

5

partners caused firm checks to be issued to these intermediaries, with the understanding and intent that the money would be distributed to or used for the benefit of the paid plaintiffs. Everyone involved knew that, although these payments were variously documented and described as, among other things, "referral fees" and "professional fees" owed by the firm to the intermediary law firms, they were actually for the benefit of the paid plaintiffs.

By entering into these secret payment arrangements, Milberg Weiss Bershad Hynes & Lerach, LLP, and all the conspiring partners were able to secure a reliable source of individuals who were ready, willing, and able to serve as named plaintiffs and class representatives in class actions that the firm wanted to bring. These payment arrangements generally enabled Milberg Weiss Bershad Hynes & Lerach, LLP to file more class actions and to file them more quickly than would have been possible without the arrangements. Filing class actions more quickly than other competing plaintiffs' law firms enhanced Milberg Weiss Bershad Hynes & Lerach, LLP's ability to obtain lead counsel status in cases, before and after the passage of the Private Securities Litigation Reform Act of 1995. Lead counsel generally obtain a larger share of the attorneys' fees awarded in a class action than other counsel.    The secret payment arrangements with named

6

plaintiffs played a meaningful role in enabling Milberg Weiss Bershad Hynes & Lerach, LLP to profit and grow.

At all relevant times, the conspiring partners and the paid plaintiffs knew that their payments and their secret payment arrangements were improper. They also knew that it was improper for the firm to share attorneys' fees with the paid plaintiffs, and that these payment arrangements created conflicts of interest between the paid plaintiffs and the absent class members they represented in violation of Rule 23(a). The attorneys involved knew that discovery of the secret payment arrangement with a named plaintiff could have resulted in, among other things: (a) the disqualification of the named plaintiff from serving as a class representative in that action and other class actions; (b) the disqualification of Milberg Weiss Bershad Hynes & Lerach, LLP, including the conspiring partners, from serving as class counsel in that action and other class actions; and (c) referral to a disciplinary committee and a risk of revocation or suspension of one or more of the conspiring partners' licenses to practice law. Everyone involved knew that their payment arrangements could not become known to the federal and state courts presiding over their class actions.

**Related Criminal Proceedings.** In or about 2004, the United States began investigating Milberg Weiss Bershad Hynes &

Lerach, LLP, and several individuals in connection with the illegal scheme, discussed above, to pay kickbacks to named plaintiffs. By 2006, the firm, two of its partners, Bershad and Schulman, one named plaintiff and one intermediary lawyer (who received payments intended for delivery to the named plaintiff) had been indicted for their roles in the illegal scheme. (See Declaration of Eric R. Levine, dated October 30, 2007 ("Levine Decl.") submitted in support of Defendant's motion to dismiss at Exhibits E and F.) Lerach and Weiss were also charged and/or indicted for their participation in the illegal scheme.

Recently Bershad, Schulman, Lazar and Lerach agreed to plead guilty. (See Beatie Decl. at Exhibits A, B, C and D.) The criminal case against the firm and Weiss is proceeding.

**Lerach Coughlin.** On or about May 1, 2004, before Bershad, Schulman, and Lerach pled guilty and while the criminal conduct continued, Milberg Weiss Bershad Hynes & Lerach, LLP, split into two separate firms, defendants Milberg Weiss Bershad & Schulman LLP and Lerach Coughlin Stoia Geller Rudman & Robbins LLP. As the name suggests, Lerach Coughlin Stoia Geller Rudman & Robbins LLP, was founded by William S. Lerach, among others, one of the creators of the criminal enterprise and conspiracy.[3]

---

[3]    According to defendant Lerach Coughlin, William S. Lerach has since retired from the firm and the firm has changed its name.

In September, 2007, Lerach was charged, and an Information filed against him in federal court, for his part in the criminal enterprise. By Plea Agreement dated September 17, 2007, Lerach agreed to plead guilty and admitted his role in the scheme. (See Beatie Decl. at Exhibit A.) The Court accepted Lerach's guilty plea on October 29, 2007.

**Procedural.** Plaintiffs filed a complaint against defendants on August 2, 2007, alleging violations of the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO Act"), breach of fiduciary duty; fraud; and violations of Federal Rule of Civil Procedure 23(a)(4). Plaintiffs originally agreed to extend defendants' time to answer or move in response to the complaint, and to date no party has filed an answer. No discovery has been conducted.

On or about October 30, 2007, the parties stipulated to stay this matter while the related criminal matters proceed. (See Levine Decl. at Exhibit B.) As part of that Stipulation the parties agreed that defendant Lerach Coughlin could file a motion to dismiss, in lieu of an answer, provided that the motion was limited to specific grounds, i.e., that Lerach Coughlin did not exist at the relevant times and, therefore, could not have committed any of the alleged wrongful conduct. This Court "So

9

Ordered" the parties Stipulation on October 30, 2007, thus staying this case.

**ARGUMENT**

**POINT I**

**Defendant's Motion Should be Converted
To A Motion For Summary Judgment and
Denied So That Plaintiffs May Conduct Discovery**

Notwithstanding Lerach Coughlin's representation that its motion is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants motion is, in fact, a motion for summary judgment and should be treated as such. As a motion for summary judgment, it should be denied because plaintiffs have taken no discovery in this case and need discovery to respond to this motion.

**Converting Defendant's Motion.** Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure:

> [i]f, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b).

10

As the United States Court of Appeals for the Second Circuit explained in *Global Network Commc'ns v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006):

> As indicated by the word "shall," the conversion of a Rule 12(b)(6) motion into one for summary judgment under Rule 56 when the court considers matters outside the pleadings is "strictly enforce[d]" and "mandatory."

(Citations omitted). Requiring courts to convert a Rule 12(b)(6) motion to a motion under Rule 56 recognizes that the two rules serve different purposes. 458 F.3d at 155. "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of claim for relief *without* resolving a contest regarding its substantive merits." 458 F.3d at 155. (emphasis in original). Whereas, "[t]he streamlined testing of the substantive merits, on the other hand, is more appropriately reserved for the summary judgment procedure, governed by Rule 56, where both parties may 'conduct appropriate discovery and submit the additional supporting material contemplated by' that rule." 458 F.3d at 155 (citations omitted).

Lerach Coughlin's motion challenges the merits of Plaintiffs' claims. Defendant seeks to convince this Court, and to have this Court dismiss the complaint against the firm because, it did not do anything wrong. According to Lerach Coughlin, Plaintiffs' complaint should be dismissed because: it did not exist

11

at the time of most of the alleged misconduct; it did not
participate in the misconduct alleged to have occurred after it was
formed; and, it did not represent any of the plaintiffs in the
cases specifically identified in the complaint.[4]   (Defendant's
Memorandum of Law at 9.)  These factual assertions go to the merits
of Plaintiffs' claims and should be challenged, if at all, by a
motion for summary judgment after discovery.

        Moreover, in support of its motion Lerach Coughlin has
filed, and asks the Court to consider, ten documents (several
hundred pages) in addition to the complaint in this case.  (See
Levine Decl.)  In an effort to prove that it did nothing wrong,
Lerach Coughlin submitted copies of formation and name change
documents, two letters from the United States Attorneys' Office for
the Central District of California, two Superseding Indictments
from a related criminal matter, two Notices of Change of Law firm
Names, and three complaints filed in separate cases.  (Levine Decl.
at Exhibits B through K.)

_____

        [4]    Lerach Coughlin limits its discussion to those cases
identified by name in the complaint and the indictments knowing
full well that those cases represent a small subset of the cases in
which lead plaintiffs received illegal payments.  Defendants made
illegal payments to lead plaintiffs in more than 150 cases.
Because no discovery has been conducted, Plaintiffs in this case do
not yet have the information to identify all of the problem cases.

12

Lerach Coughlin does attack the sufficiency of Plaintiffs' allegations, however, it ignores some of those allegations. For example, Plaintiffs allege that: <u>defendants</u> engaged in an illegal scheme to obtain appointments as lead counsel and awards of attorneys fees (Complaint at ¶ 3); <u>defendants</u> made and caused to be made false statements to various federal courts (Complaint at ¶ 4); the illegal scheme continued through 2004 and into 2005 (Complaint at ¶¶ 32, 102, 105, 108); <u>defendants</u> filed more than 150 cases as part of the illegal scheme (Complaint at ¶¶ 100, 102, 105, 108, 113); and, <u>defendants</u> earned millions of dollars in attorneys' fees through the illegal scheme (Complaint at ¶¶ 103, 106, 109). Moreover, defendant concedes that it did exist when some of the misconduct occurred and that several of the cases in which plaintiffs received illegal payments continued after Defendant was formed.

Because Lerach Coughlin's "motion to dismiss" challenges the merits of Plaintiffs' claims, defendant has presented numerous documents outside the pleadings for the Court's consideration, and defendant cannot show on this motion that in the division of the Milberg Weiss case inventory in the split it received no infected case, paid no bribes, and received no fees in cases in which the plaintiff had been bribed, defendant's motion should be converted

to a summary judgment motion and considered pursuant to Rule 56 of
the Federal Rules of Civil Procedure.

**Discovery Pursuant to Rule 56(f).** Plaintiffs have not
had an opportunity to conduct any discovery in this case and need
to do so in order to respond to Lerach Coughlin's motion.

In *Hellstrom, M.D. v. U.S. Dep't of Veterans Affairs*, 201
F.3d 94, 97 (2d Cir. 2000), the United States Court of Appeals for
the Second Circuit explained that summary judgment should be
granted only after discovery and that "'[t]he nonmoving party must
have had the opportunity to discover information that is essential
to his opposition to the motion for summary judgment.'" (Citations
omitted.) According to the Second Circuit, "[o]nly in the rarest
of cases may summary judgment be granted against a plaintiff who
has not been afforded the opportunity to conduct discovery." *Id*.
(citations omitted). This is not such a case.

Rule 56(f) of the Federal Rules of Civil Procedure
provides:

> Should it appear from the affidavits of a
> party opposing the [summary judgment] motion
> that the party cannot for reasons stated
> present by affidavit facts essential to
> justify the party's opposition, the court may
> refuse the application for judgment or may
> order a continuance to permit affidavits to be
> obtained or depositions to be taken or
> discovery to be had or may make such other
> order as is just.

Fed. R. Civ. P. 56(f).  In this circuit, "a party seeking such discovery must file an affidavit explaining (1) what facts are sought and how they are to be obtained, (2) how those facts are reasonably expected to create a genuine issue of material fact, (3) what effort the affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." *Hudson River Sloop Clearwater, Inc. v. Department of the Navy*, 891 F.2d 414, 422 (2d Cir. 1989).

In this case, Plaintiffs intend to seek through discovery information relating to, at least, the following factual issues: (1) how Lerach Coughlin was formed and funded; (2) which attorneys left Milberg Weiss Bershad Hynes & Lerach, LLP to join Lerach Coughlin; (3) what cases, if any, Lerach Coughlin took from Milberg Weiss Bershad Hynes & Lerach, LLP; (4) whether Lerach Coughlin received any tainted money (particularly for attorney's fees) or cases from Milberg Weiss Bershad Hynes & Lerach, LLP or any of the other defendants in this case; (5) whether Lerach Coughlin appeared in any cases in which Milberg Weiss Bershad Hynes & Lerach, LLP made illegal payments to clients; (6) whether Lerach Coughlin represented any individual that received illegal payments from Milberg Weiss Bershad Hynes & Lerach, LLP; and, (7) whether Lerach Coughlin made any payments to the law firms that acted as intermediaries between Milberg Weiss Bershad Hynes & Lerach, LLP

15

and its clients who received illegal payments. (Beatie Decl. at ¶ 8.) Discovery on these issues will provide information necessary to create an issue of fact as to whether Lerach Coughlin participated in and/or benefitted from the illegal scheme at issue in this case. (Beatie Decl. at ¶ 9.) This discovery will allow Plaintiffs to dispute Lerach Coughlin's claims in this motion that it did not do anything wrong. (Beatie Decl. at ¶ 10.)

Plaintiffs intends to obtain this information through written discovery and depositions. (Beatie Decl. at ¶ 11.) Specifically, Plaintiffs will serve interrogatories and document requests on Lerach Coughlin and Milberg Weiss. (Beatie Decl. at ¶ 11.) Plaintiffs will also seek to depose, at least, Melvin I. Weiss, William S. Lerach, and David J. Bershad. (Beatie Decl. at ¶ 11.) Because this case has just begun, and because Lerach Coughlin's motion was filed in lieu of an answer, Plaintiffs have not had an opportunity to seek this discovery. (Beatie Decl. at ¶ 12.)

Because Plaintiffs have not had an opportunity to conduct discovery and need discovery to properly respond to Lerach Coughlin's motion, the motion should be denied.

**POINT II**

**Defendant's Argument That The Complaint Fails To**
**Satisfy The Pleading Requirements Is Barred By Stipulation**

In addition to its claim that Plaintiffs complaint should be dismissed because it did nothing wrong, Lerach Coughlin also moves to dismiss on the grounds that Plaintiffs' Complaint "fails to satisfy even the basic pleading requirements" and, further, lacks the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. (See Defendant's Memorandum of Law at 2-3, 12-17.) Because the parties stipulated that Lerach Coughlin's motion would be limited to specific grounds and these arguments are not included in those specific grounds, they should not be heard or considered by this Court.

At the request of the United States Attorney's Office for the Central District of California, the parties to this action Stipulated to stay virtually all proceedings in this matter for 120 days to allow related criminal matters to proceed. (Levine Decl. at Exhibit B.) The Stipulation was so ordered by this Court on October 30, 2007. (Levine Decl. at Exhibit B.) The one exception to the stay set forth in the Stipulation permits Lerach Coughlin to file a motion to dismiss:

> limited to those grounds unique to it (i.e.,
> the [Lerach] Coughlin Firm may raise and
> present all legal and factual arguments
> flowing from its assertions that: (i) all of

17

> the wrongful acts alleged in the Complaint are
> alleged to have occurred before the [Lerach]
> Coughlin Firm was formed and/or the [Lerach]
> Coughlin Firm never represented any of the
> class action plaintiffs in the actions
> identified in the complaint, and (ii) the
> [Lerach] Coughlin Firm is not a successor-in-
> interest to Milberg Weiss Bershad Hynes &
> Lerach, LLP . . ..

(Levine Decl. at Exhibit B.)  Lerach Coughlin's arguments relating

to the pleading requirements and the requirements of Rule 9(b) are

not specifically excepted from the stay imposed by the Stipulation.

Moreover, those arguments are not unique to Lerach Coughlin as the

Stipulation contemplated.

Because Lerach Coughlin agreed to limit its motion to

dismiss to specific grounds and because it now asserts other

grounds, i.e., the complaint fails to satisfy basic pleading

requirements as well as the requirements of Rule 9(b), the motion

should be denied as to those grounds.

## CONCLUSION

For the foregoing reasons, Lerach Coughlin's motion to

dismiss the complaint in this case should be denied and Plaintiffs'

cross-motion for discovery should be granted; or if Defendant's

motion to dismiss is granted, the Court should allow the complaint

to be amended and [Lerach] Coughlin to be reinstated as a defendant within a reasonable time after the commencement of discovery.

Dated:  New York, New York
        November 13, 2007

                                    Respectfully submitted,

                                    **BEATIE AND OSBORN LLP**

                                    s/ Russel H. Beatie
                                    Russel H. Beatie, Esq.
                                    Daniel A. Osborn, Esq.
                                    521 Fifth Avenue
                                    Suite 3400
                                    New York, New York 10175
                                    Telephone: (212) 888-9000
                                    Facsimile: (212) 888-9664

                                    *Counsel for Plaintiffs*
                                    *Linda Marshall, Ben Dampios,*
                                    *Al Spilloway, Bernie Apotheker,*
                                    *Harry Esposito, and Brent Wentz*

## CERTIFICATE OF SERVICE

_____On this 13th day of November, 2007, I certify that I served all counsel of record by filing the foregoing Plaintiffs' **NOTICE OF CROSS-MOTION, PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT LERACH COUCHLIN STOIA GELLER RUDMAN & ROBBINS LLP'S MOTION TO DISMISS THE CLASS ACTION COMPLAINT AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR DISCOVERY PURSUANT TO RULE 56(f)**, and **DECLARATION OF RUSSEL H. BEATIE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR DISCOVERY PURSUANT TO RULE 56(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** by using this Court's ECF system, and by sending same via Federal Express overnight mail to the following:

Eric R. Levine
Eric P. Heichel
Eisenman Levine Lehrhaupt & Kakoyiannis, P.C.
805 Third Avenue
New York, New York 10022
(212) 752-1000
*Attorneys for Defendant*
*Lerach Coughlin Stoia Geller Rudman & Robbins LLP*

Gregory P. Joseph
Gregory P. Joseph Law Offices LLC
485 Lexington Avenue, 30th Floor
New York, New York 10017
*Attorneys for Defendants Melvyn I Weiss and*
*Milberg Weiss Bershad & Schulman LLP*

Jeffrey Speiser
Stern & Kilcullen, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
*Attorneys for Defendant Steven G. Schulman*

Christopher M. DiMuro, Esq.
Robert D. Luskin
Patton Boggs LLP
1675 Broadway, 31st Floor
New York, New York 10019
(646) 557-5100
*Attorneys for Defendant David J. Bershad*

Andrew M. Lawler
Andrew M. Lawler, P.C.
641 Lexington Avenue, 27th Floor
New York, New York 10022
*Attorneys for Defendant David J. Bershad*

BEATIE AND OSBORN LLP


By:   s/ Russel H. Beatie
         Russel H. Beatie
      521 Fifth Avenue, Suite 3400
      New York, New York 10175
      Telephone:    (212) 888-9000
      Facsimile:    (212) 888-9664

21