Eric R. Levine (EL 7677)
Eric P. Heichel (EH 9940)
Jonathan Marquet (JM 0317)
Eiseman Levine Lehrhaupt
& Kakoyiannis, P.C.
805 Third Avenue
New York, New York 10022
(212) 752-1000
*Attorneys for Defendant*
*Lerach Coughlin Stoia Geller Rudman*
*& Robbins LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LINDA MARSHALL, BEN DAMPIOS, AL SPILLOWAY, BERNIE APOTHEKER, HARRY ESPOSITO and BRENT WENTZ, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

MILBERG WEISS BERSHAD & SCHULMAN LLP, LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP, MELVYN I. WEISS, DAVID J. BERSHAD, and STEVEN G. SCHULMAN, DOES 1 THROUGH 15,

Defendants.

Civ. No. 07-CV-6950 (LAP)

**DEFENDANT LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION FOR DISCOVERY PURSUANT TO RULE 56(f) AND IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

EISEMAN LEVINE
LEHRHAUPT & KAKOYIANNIS
A PROFESSIONAL CORPORATION
805 THIRD AVENUE
NEW YORK, NEW YORK 10022
(212) 752-1000

# TABLE OF CONTENTS

TABLE OF CONTENTS .................... i

TABLE OF AUTHORITIES .................... ii

POINT I

PLAINTIFFS ALLEGE NO FACTS REGARDING THE COUGHLIN FIRM SUFFICIENT TO ESTABLISH LIABILITY .................... 1

POINT II

THE COUGHLIN FIRM'S MOTION TO DISMISS SHOULD NOT BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' CROSS-MOTION FOR DISCOVERY PURSUANT TO RULE 56(f) SHOULD BE DENIED .................... 4

A. The Coughlin Firm's Motion To Dismiss Should Not Be Converted .................... 4

B. Plaintiffs' Cross-Motion for Discovery Pursuant to Rule 56 (f) Should Be Denied .................... 8

POINT III

ALL OF THE ARGUMENTS PRESENTED IN THE MOTION TO DISMISS COMPLY WITH TERMS OF THE STIPULATION .................... 9

CONCLUSION .................... 11

# TABLE OF AUTHORITIES

## CASES

*Bell Atlantic Corp. v. Twombly,*
127 S. Ct. 1955 (2007) .......... 4

*Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,*
369 F.3d 212 (2d Cir. 2004) .......... 7

*Center Cadillac, Inc. v. Bank Leumi Trust Co.,*
808 F. Supp. 213 (S.D.N.Y. 1992) .......... 10

*Contempo Acquisition, LLC v. U.S. Dept. of Housing and Urban Development*
2007 WL 324916 (S.D.N.Y. Oct. 30, 2007) .......... 8, 9

*Gal v. Viacom Int'l, Inc.,*
403 F.Supp.2d 294 (S.D.N.Y.2005) .......... 9

*Mangiafico v. Blumenthal,*
471 F.3d 391 (2d Cir. 2006) .......... 5, 7

*Miller v. City of New York,*
2007 WL 1062505 (E.D.N.Y. 2007) .......... 10

*Piccolo v. New York City Campaign Finance Board,*
2007 WL 2844939 (S.D.N.Y. Sept. 28, 2007) .......... 5, 6

*Prince v. Cablevision Systems Corporation,*
2005 WL 1060373 (S.D.N.Y. 2005) .......... 7

*Rosen v. Fink,*
201 F.3d 432, 1999 WL 1212564 (2d Cir. 1999) .......... 7

*U.S. v. International Longshoremen's Assoc.,*
2007 WL 3196679 (E.D.N.Y. Nov. 1, 2007) .......... *passim*

## RULES

Fed. R. Civ. P. 9 .......... 9,10

Fed. R. Civ. P. 12 .......... 1, 5

Fed. R. Civ. P. 56 .......... 1,4

Defendant Lerach Coughlin Stoia Geller Rudman & Robbins LLP (the "Coughlin Firm") submits this memorandum of law in further support of its motion, pursuant to Fed. R. Civ. P. 12 (b) (6), to dismiss the Complaint in its entirety as against the Coughlin Firm, and in opposition to plaintiffs' cross-motion for discovery pursuant to Rule 56 (f).[1]

Plaintiffs' Memorandum Of Law In Opposition To Defendant Lerach Coughlin Stoia Geller Rudman & Robbins LLP's Motion To Dismiss The Class Action Complaint And In Support Of Plaintiffs' Cross-Motion For Discovery Pursuant To Rule 56 (f), dated November 13, 2007 ("Plaintiffs' Memo"), simply ignores most of the substantive arguments presented in the Moving Memo. To adequately allege claims against the Coughlin Firm, plaintiffs must allege either that the Coughlin Firm did some act of wrongdoing itself or is liable as a successor-in-interest to someone (i.e., Milberg Weiss) that did. Having conceded that the Coughlin Firm is not a successor-in-interest, the Complaint must allege acts of wrongdoing directly by the Coughlin Firm. Because it does not, and because it would be futile to allow plaintiffs to amend the Complaint, it should be dismissed with prejudice as to the Coughlin Firm.

## POINT I

## PLAINTIFFS ALLEGE NO FACTS REGARDING THE COUGHLIN FIRM SUFFICIENT TO ESTABLISH LIABILITY

In its moving papers, the Coughlin Firm firmly established at least two propositions:

(1) The Coughlin Firm is not a successor-in-interest to Milberg Weiss, and thus cannot be held legally liable for actions allegedly undertaken by Milberg Weiss. See Moving Memo at 9-12. Plaintiffs expressly concede that they are not alleging that the Coughlin Firm is a successor-in-interest to Milberg Weiss. See Plaintiffs' Memo at 2, fn. 1.

(2) The Complaint contains no specific factual allegations of any anything (wrongful or not) actually done by the Coughlin Firm, which is a direct

[1] Unless otherwise noted, the defined terms and abbreviations used throughout this memorandum retain the same definitions and meanings as in Defendant Lerach Coughlin Stoia Geller Rudman & Robbins LLP's Memorandum Of Law In Support Of Its Motion To Dismiss The Class Action Complaint, dated October 30, 2007 ("Moving Memo").

> consequence of the undeniable fact that the vast majority of the factual predicate of plaintiffs' claims occurred before the Coughlin Firm even existed. See Moving Memo at 7-9, 12-18. Furthermore, as shown by documents referenced in the Complaint and in the public record, the Coughlin Firm had nothing to do with those few actions alleged to have occurred after the creation of the Coughlin Firm. See id.

Plaintiffs do not challenge either of these propositions. As noted, plaintiffs explicitly concede that they do not allege that the Coughlin Firm is a successor-in-interest to Milberg Weiss. See Plaintiffs' Memo at 2, fn. 1. Thus, to survive a motion to dismiss, the Complaint must adequately allege that the Coughlin Firm itself did some acts that, if true, would establish liability to the plaintiffs. This the Complaint utterly fails to do. The Coughlin Firm established in its moving papers that the Complaint does not allege that the Coughlin Firm was involved in any of the "tainted" class action cases that allegedly caused plaintiffs' damages. The Coughlin Firm did not exist at the time of most of the bad acts alleged, and was not involved in those few allegedly tainted lawsuits actions that post-dated the creation of the Coughlin Firm.

As a substantive matter regarding the facts alleged in the Complaint, all plaintiffs argue is that they "believe" that the Coughlin Firm directly participated in "the illegal scheme and/or benefited financially from the illegal scheme," Plaintiffs' Memo at 2, fn. 1, though plaintiffs nowhere allege even a single fact that would support this "belief." Rather than point to any allegations in the Complaint that alleging anything done by the Coughlin Firm, plaintiffs employ two tactics.

First, rather than defend the allegations of the Complaint, plaintiffs run away from the Complaint by referring to yet additional documents other than the Complaint – in this case various plea agreements executed by David J. Bershad, Steven G. Schulman, Seymour Lazar, and William S. Lerach ("Lerach")[2] in their individual capacities (the "Individual Plea

[2] Plaintiffs have not named Lerach as a defendant in this action.

Agreements"). Plaintiffs' efforts in describing these documents do nothing to solve the fundamental inadequacies of the claims asserted against the Coughlin Firm, as none of the Individual Plea Agreements contain any statements about wrongdoing on the part of the Coughlin Firm at all. Plainly, plaintiffs hope that the Court will not only be convinced that there was a pattern of wrongdoing at work here, but also that the Court will be confused enough to allow plaintiffs to draw the Coughlin Firm into that pattern of wrongdoing without actually alleging any facts to support such a conclusion.

Plaintiffs' hope in this respect is apparently founded on the fact that Lerach – a former member of the Coughlin Firm – pled guilty to various crimes on or about September 17, 2007. See Plaintiffs' Memo at 8-9. However, plaintiffs fail to mention (1) Lerach pled guilty as an individual and not on behalf of the Coughlin Firm and (2) Lerach pled guilty for crimes that occurred "[b]eginning in or before 1981, and continuing at least into 2002…" (i.e., that occurred while Lerach was at Milberg Weiss and before the Coughlin Firm even existed). See Exhibit A to the Declaration of Russel H. Beatie, dated November 13, 2007, Plea Agreement for Defendant William S. Lerach Pursuant to Federal Rule of Criminal Procedure 11 (c) (1) (C) ("Lerach Plea") at 2; see also Exhibit A to Lerach Plea at 2. Furthermore, plaintiffs at times insinuate that the Coughlin Firm may have received "tainted" legal fees as a result of Lerach's individual wrongdoing (in fact, plaintiffs seek discovery as to "whether [the Coughlin Firm] received any tainted money"). See, e.g., Plaintiffs' Memo at 15-16. However, the Complaint, the First Indictment, the Second Indictment, and/or the Individual Plea Agreements do not contain any allegations that the Coughlin Firm received any "tainted" money, and, even if Lerach received any such "tainted" legal fees – and the Complaint makes no such allegation (in fact, as noted above, Lerach is not even named as a defendant in this action) – they would have been received

by Lerach in his individual capacity and would not have been received by or inured to the benefit of Coughlin Firm.

Second, apparently realizing that they should refer to the Complaint in their brief, at least in passing, plaintiffs rely on their use of the catch-all term "defendants" in various places in the Complaint to try to lump the Coughlin Firm together with actions allegedly taken by the other defendants or others not a party to this action.[3] See Plaintiffs' Memo at 13. This is legally insufficient. Plaintiffs cannot allege page after page of actions specifically alleged to have been done by other defendants and demonstrably not undertaken by the Coughlin Firm and then expect that using the collective term "defendants" in a few places is sufficient to state a claim against the Coughlin Firm. Under any standard – either Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) and other generally applicable pleading rules, or Rule 9 (b) (to the extent it applies) – plaintiffs' allegations fall short.

## POINT II

## THE COUGHLIN FIRM'S MOTION TO DISMISS SHOULD NOT BE CONVERTED TO A MOTION FOR SUMMARY JUDGMENT AND PLAINTIFFS' CROSS-MOTION FOR DISCOVERY PURSUANT TO RULE 56(f) SHOULD BE DENIED

Plaintiffs argue that the Coughlin Firm's motion to dismiss should be converted into a motion for summary judgment and also cross-move, assuming such conversion, for leave to take wide-ranging discovery.

### A. The Coughlin Firm's Motion To Dismiss Should Not Be Converted

Plaintiffs argue that the Coughlin Firm's motion to dismiss should be converted to a motion for summary judgment because the Coughlin Firm's "motion challenges the merits of Plaintiffs' claims" and that "the Coughlin Firm submitted ten documents" in connection with its

[3] The Coughlin Firm expresses no opinion on the sufficiency of any allegations against any other defendants. Rather, the point of the Coughlin Firm's present motion is to demonstrate how the Coughlin Firm is not alleged to have been a part of them, whether they state a claim against any other defendant or not.

motion to dismiss. See Plaintiffs' Memo at 11-12. These arguments fail, because far from arguing the intrinsic merits of plaintiffs' claims, the Coughlin Firm's motion was based solely on the Complaint itself and public documents, most of which are referenced in and incorporated into the Complaint.

The law in the Second Circuit is well established that a Rule 12 (b) (6) motion may consider not only the allegations of a complaint, but also documents referred to in a complaint, documents relied upon by a plaintiff in drafting a complaint and documents which can be found in the public record. See, e.g., Mangiafico v. Blumenthal, 471 F.3d 391, 397-98 (2d Cir. 2006). One court aptly summarized:

> in resolving a 12 (b) (6) motion the district court's consideration is limited to the factual allegations in plaintiffs' [ ] complaint, which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.

U.S. v. International Longshoremen's Assoc., 2007 WL 3196679, at *23 (E.D.N.Y. Nov. 1, 2007) (internal quotes and citations omitted); see also Piccolo v. New York City Campaign Finance Board, 2007 WL 2844939, at *2 (S.D.N.Y. Sept. 28, 2007) (same).

Here, plaintiffs allege a pattern of wrongdoing on the part of class action plaintiffs' counsel in the course of representing the classes in a number of lawsuits. In its motion to dismiss, the Coughlin Firm demonstrated that there were no allegations in the Complaint or any of the various documents that were referred to in the Complaint that linked the Coughlin Firm to any of the wrongdoing, or indeed to any of the allegedly tainted class action lawsuits at all.

Each of the documents analyzed by the Coughlin Firm may be properly considered by this Court on a motion to dismiss. Regarding the First Indictment (Exhibit E to the Levine Dec.), the Complaint refers to the First Indictment by citation and describes it in detail, see, e.g.,

Complaint, ¶¶ 30-36, so there can be no question that plaintiffs were in possession of and relied on the First Indictment when drafting the Complaint and that it was incorporated by reference into the Complaint for purposes of a 12 (b) (6) motion.

Taking the Complaint and the First Indictment together, there are only five lawsuits specifically alleged to post-date the creation of the Coughlin Firm. The documents discussed by the Coughlin Firm in its motion to dismiss are all public documents drawn from those five lawsuits referred to in the Complaint and First Indictment. These establish that the Coughlin Firm was not counsel of record in any of these lawsuits. Exhibits G through K to the Levine Dec. are three complaints and two notices concerning a change in the name of the class action plaintiffs' law firm. These demonstrate that the Coughlin Firm was not counsel of record in any of the lawsuits alleged that post date the Coughlin Firm's creation.

These are documents that may be considered on this motion. As noted, they are referred to in the Complaint or the First Indictment, which is itself incorporated into the Complaint. Further, plaintiffs were in possession of and relied on them when drafting the Complaint, as each of the cases to which these documents relate is specifically identified (by name and citation) in the Complaint or the First Indictment. See, e.g., Complaint, ¶¶ 113; First Indictment, p. 19, 61-63. Therefore, they can properly be considered by this Court as part of this motion to dismiss. See, e.g., International Longshoremen's Assoc., 2007 WL 3196679 at *23; Piccolo, 2007 WL 2844939 at *2.

Further, even if the First Indictment (Exhibit E) and the documents demonstrating counsel of record in the five lawsuits (Exhibits G through K) were not incorporated by reference into the Complaint or in plaintiffs' possession and relied upon when the Complaint was drafted – and, clearly, they were – all of the exhibits to the Levine Dec. (collectively, the "Coughlin Exhibits") can properly be considered by this Court as part of this motion to dismiss because

they are all public documents of which this Court can and should take judicial notice. See, e.g., Mangiafico v. Blumenthal, 471 F.3d at 398 (taking judicial notice of litigation docket sheet); Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212 (2d Cir. 2004) ("But we may also look to public records, including complaints filed in [ ] court, in deciding a motion to dismiss."); Rosen v. Fink, 201 F.3d 432, 1999 WL 1212564, at *1 (2d Cir. 1999) (taking judicial notice of a state court decision, and stating "the decision is a publicly filed document and, therefore, a matter of public record that the District Court may consider on a motion to dismiss"); Prince v. Cablevision Systems Corporation, 2005 WL 1060373, at *5 (S.D.N.Y. 2005) (taking judicial notice of the legal status and formation of a limited partnership and a corporation).

Finally, should this Court determine that it cannot consider some of the Coughlin Exhibits as part of this motion to dismiss – and, as detailed above, all of the Coughlin Exhibits can properly be considered by this Court – then this Court still has the discretion not to convert this motion to dismiss to a motion for summary judgment, by limiting its analysis to only those exhibits it deems properly before it as part of this motion to dismiss. See U.S. v. International Longshoremen's Assoc., 2007 WL 3196679 at *27 (stating that "a district court is not obliged to convert a 12 (b) (6) motion to one for summary judgment in every case in which a defendant seeks to rely on matters outside the complaint in support of a 12 (b) (6) motion; it may, at its discretion, exclude the extraneous material and construe the motion as one under Rule 12 (b) (6)" and considering some of the exhibits included as part of the motion to dismiss but not others).

Plaintiffs do not question the conclusion that as a matter of factual allegations nothing in any of the documents referenced in the Complaint links the Coughlin Firm to any wrongdoing. They instead look for a procedural device to allow them to go fishing for something to allege that might establish such a connection.

**B. Plaintiffs' Cross-Motion for Discovery Pursuant to Rule 56 (f) Should Be Denied**

Plaintiffs assert that if this motion is converted to a motion for summary judgment, then they need discovery concerning at least seven broad issues to determine if they have any claims against the Coughlin Firm. See Plaintiffs' Memo at 15-16. First, as discussed above, this motion should not be converted. Second, plaintiffs cannot sue the Coughlin Firm, wait for a motion to dismiss and then ask for discovery to investigate whether they actually had any claims against the Coughlin Firm in the first place, particularly where, as here, the entire public record surrounding the issues raised in the Complaint is devoid of any allegations of wrongdoing by the Coughlin Firm.

In Contempo Acquisition, LLC v. U.S. Dept. of Housing and Urban Development, this Court was faced with a similar situation. 2007 WL 324916, at *1-*2 (S.D.N.Y. Oct. 30, 2007). There, a third-party defendant moved to dismiss the third-party claims asserted against it and asked the Court to take judicial notice of public records as part of its motion to dismiss. Contempo Acquisition, LLC, 2007 WL 324916 at *1. The third-party plaintiff's "sole response" to the motion to dismiss was to argue that it should be converted to a motion for summary judgment and that the third-party plaintiff should be granted discovery to investigate its claims against the third-party defendant. See id. The Court dismissed the third-party complaint, stating:

> Before filing its pleading, [the third-party plaintiff] was required to conduct a sufficient factual investigation to justify its assertions of claims. Gal v. Viacom Int'l, Inc., 403 F.Supp.2d 294, 307 (S.D.N.Y.2005) ("a plaintiff's counsel must undertake reasonable inquiry to ensure that papers filed are well-grounded in fact [and] legally tenable") (citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990)) (internal quotation marks omitted). While it may yet learn facts that would lead it to believe that it has a viable claim against [the third-party defendant], [the third party plaintiff] is not entitled to use the discovery process as a substitute for pre-litigation investigation, even on a third-party claim.

Contempo Acquisition, LLC, 2007 WL 324916 at *2.

Here, as in Contempo Acquisition, LLC, plaintiffs were required to conduct a sufficient factual investigation to determine if they had any claims against the Coughlin Firm. As demonstrated by the various documents discussed above, the public record actually contains copious material from which the plaintiffs could conduct their investigation. However, the Complaint alleges no facts linking the Coughlin Firm to any wrongdoing. Plaintiffs cannot be allowed to maintain this action against the Coughlin Firm in the hopes that eventually they will be able to state a claim against the Coughlin Firm, and plaintiffs are "not entitled to use the discovery process as a substitute for pre-litigation investigation."

## POINT III

## ALL OF THE ARGUMENTS PRESENTED IN THE MOTION TO DISMISS COMPLY WITH TERMS OF THE STIPULATION

Plaintiffs also disingenuously claim that the Coughlin Firm's arguments that the Complaint lacks specific allegations against the Coughlin Firm (as distinct from all "defendants") are outside of the scope of the Stipulation and Order, dated October 30, 2007 (the "Stipulation"). This argument fails, as all the Coughlin Firm is arguing is that the Complaint lacks any allegations linking the Coughlin Firm specifically to the pattern of wrongdoing alleged. The Coughlin Firm pointed out that the Complaint failed in that regard both as a general matter of pleading and according to the even more stringent requirements of Rule 9 (b). This is not a violation of the stipulation limiting the motion to dismiss on grounds unique to the Coughlin Firm – it is fundamental to the motion that the Complaint lacked specificity as to the alleged actions of the Coughlin Firm – as distinct from any allegations concerning other defendants.

The Stipulation states that:

> Notwithstanding the agreed upon stay of all further proceedings in this action as to the parties, the Coughlin Firm may serve, file

> and otherwise proceed with its motion to dismiss the complaint, provided that its motion is limited to those grounds unique to it (*i.e.*, the Coughlin Firm may raise and present all legal and factual arguments flowing from its assertions that: (i) all of the wrongful acts alleged in the Complaint are alleged to have occurred before the Coughlin Firm was formed and/or the Coughlin Firm never represented any of the class action plaintiffs in the actions identified in the complaint, and (ii) the Coughlin Firm is not a successor-in-interest to Milberg Weiss Bershad Hynes & Lerach, LLP), on or before October 30, 2007;

Stipulation, ¶ 2 (emphasis added).

In accordance with the terms of the Stipulation, all of the arguments presented in the Moving Memo are unique to and limited to the Coughlin Firm, because they all flow from the fact that none of the wrongful conduct alleged in the Complaint is alleged to have been done specifically by the Coughlin Firm, as it all occurred before the Coughlin Firm was formed and/or the Coughlin Firm never represented any of the class action plaintiffs in the actions identified in the Complaint.[4] Thus, plaintiffs' Complaint fails both as a matter of general pleading and, as pointed out the Moving Memo, because the allegations also fail to meet the more stringent requirements of Rule 9 (b).[5] These particular arguments, as presented, are not the same as any other issue shared with the other defendants.

Accordingly, the Stipulation does not serve to limit the Coughlin Firm's motion. Indeed, it would be the odd motion to dismiss indeed that could not point out the simple fact that the complaint at issue does not allege any facts at all showing that the specific defendant moving to

---

[4] As noted above, plaintiffs have conceded that the Coughlin Firm is not a successor-in-interest to Milberg Weiss. Plaintiffs' Memo at 2, fn. 1.

[5] As mentioned above and in detail in the Moving Memo at 16-17, because the causes of action asserted in the Complaint all sound in fraud, the specific instances of the use of the catch-all "defendants" raised in Plaintiffs' Memo, and all other such references in the Complaint, fail to comply with Fed. R. Civ. P. 9 (b) and, therefore, do not cure the fact that the Complaint is utterly devoid of allegations of wrongdoing by the Coughlin Firm. See Miller v. City of New York, 2007 WL 1062505, at *3 (E.D.N.Y. 2007) (A complaint "sounding in fraud may not rely on sweeping references to acts by all or some of the defendants because each named defendant is entitled to be apprised of the facts surrounding the alleged fraud."), quoting, Center Cadillac, Inc. v. Bank Leumi Trust Co., 808 F. Supp. 213, 230 (S.D.N.Y. 1992).

dismiss actually did anything wrong, and no one stipulated to do any such thing.

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety with prejudice as against the Coughlin Firm and plaintiffs' cross-motion for discovery pursuant to Rule 56 (f) should be denied in its entirety.

Dated: New York, New York
November 20, 2007

EISEMAN LEVINE LEHRHAUPT
& KAKOYIANNIS, P.C.

By:______________________
Eric R Levine (EL 7677)
805 Third Avenue, 10th Floor
New York, New York 10022
(212) 752-1000
*Attorneys for Defendant Lerach Coughlin Stoia Geller Rudman & Robbins LLP*

Of Counsel:
Eric P. Heichel
Jonathan C. Marquet