UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

LINDA MARSHALL, BEN DAMPIOS, AL
SPILLOWAY, BERNIE APOTHEKER, HARRY
ESPOSITO and BRENT WENTZ, on behalf
of themselves and all others similarly
situated,

                   Plaintiffs,

     vs.                      Civil Action No. 07 CV 6950(LAP)

MILBERG WEISS BERSHAD & SCHULMAN
LLP, LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP, MELVYN I.
WEISS, DAVID J. BERSHAD, and STEVEN
G. SCHULMAN, DOES 1 THROUGH 15,

                   Defendants.

- - - - - - - - - - - - - - - - - - X

GOVERNMENT'S MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION TO
INTERVENE AND TO STAY DISCOVERY

THOMAS P. O'BRIEN
United States Attorney
Central District of California

RICHARD E. ROBINSON
Assistant U.S. Attorney
Central District of California
Criminal Division
Major Frauds Section
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone (213) 894-0713
Facsimile: (213) 894-6269

TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . 1

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . 1

    A.   Criminal Proceedings . . . . . . . . . . . . . 1

    B.   Proceedings In This Action . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.   THE GOVERNMENT SHOULD BE PERMITTED TO
    INTERVENE IN THIS ACTION . . . . . . . . . . . . . 8

    A.   Intervention As Of Right . . . . . . . . . . . 9

    B.   Permissive Intervention . . . . . . . . . . . 10

II.  THE GOVERNMENT'S APPLICATION FOR A STAY
    OF PROCEEDINGS SHOULD BE GRANTED . . . . . . . . . 11

    A.   Applicable Legal Principles . . . . . . . . . 11

    B.   Discussion . . . . . . . . . . . . . . . . . 14

        1.   Prejudice to the Government . . . . . . . 15

        2.   Lack of Prejudice to Civil Parties . . . . 16

        3.   Judicial Interests . . . . . . . . . . . 17

        4.   Public Interest . . . . . . . . . . . . . 18

    C.   The Requested Stay . . . . . . . . . . . . . 19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 20

TABLE OF AUTHORITIES

FEDERAL CASES                                                    PAGE(S)

Board of Governors of Fed. Reserve Sys. v. Pharaon,

    140 F.R.D. 634 (S.D.N.Y. 1991) . . . . . . . . . . . -11-

Brock v. Tolkow,

    109 F.R.D. 116 (E.D.N.Y. 1985) . . . . . . . . -14-, -17-

First Merchants Ents., Inc. v. Shannon,

    1989 W.L. 25214 (S.D.N.Y. 1989) . . . . . . -9-, -11-, -12-

In re Ivan F. Boesky Securities Litig.,

    128 F.R.D. 47 (S.D.N.Y. 1989) . . . . . . . . . . . -12-

Kashi v. Gratsos,

    790 F.2d 1050 (2d Cir. 1986) . . . . . . . . . . . . -11-

Landis v. North American Co.,

    299 U.S. 248, 255 (1936) . . . . . . . . . . . . . . -11-

SEC v. Chestman,

    861 F.2d 49 (2d Cir. 1988) . . . . . . . . . . -9-, -17-

SEC v. Control Metals Corp.,

    57 F.R.D. 56 (S.D.N.Y. 1972) . . . . . . . . . . . . -11-

SEC v. Dresser Indus.,

    628 F.2d 1368 (D.C. Cir. 1980) . . . . . . . . . . . -19-

SEC v. Princeton Econ. Int'l Ltd.,

    2000 WL 193131 (S.D.N.Y. 2000) . . . . . . . . . . . -17-

TABLE OF AUTHORITIES (CONTINUED)

FEDERAL CASES                                            PAGE(S)

Trustees of Plumbers and Pipefitters Nat'l Pension Fund v.
Transworld Mechanical, Inc.,

    886 F. Supp. 1134 (S.D.N.Y. 1995) . . . . . . . -12-, -14-,
                                        -17-, -19-

Twenty First Century Corp. v. LaBianca,

    801 F. Supp. 1007 (E.D.N.Y. 1992) . . . . . . . . . . . -8-

United States v. Downe,

    1993 WL 22126 (S.D.N.Y. 1993) . . . . . . . -8-, -10--13-

United States v. Mellon Bank, N.A.,

    545 F.2d 869 (3d Cir. 1976) . . . . . . . . . . . . -14-

United States v. Napoli,

    179 F.3d 1 (2d Cir. 1999) . . . . . . . . . . . . . -18-

United States v. One 1964 Cadillac Coupe DeVille,

    41 F.R.D. 352 (S.D.N.Y. 1966) . . . . . . . . . . . -11-

Volmar Dist., Inc. v. New York Post Co., Inc.,

    152 F.R.D. 36 (S.D.N.Y. 1993) . . . -12-, -14-, -17-, -18-

FEDERAL RULES

Fed. R. Civ. P. 24(a)(2) . . . . . . . . . . . . . -8--10-

Fed. R. Civ. P. 24(b)(2) . . . . . . . . . . -8-, -10-, -11-

Fed. R. Civ. P. 26(b) . . . . . . . . . . . . . . . -13-

Fed. R. Crim. P. 15(a) . . . . . . . . . . . . . . -13-

Fed. R. Crim. P. 16 . . . . . . . . . . . . . . . . -13-

Fed. R. Crim. P. 16(a)(1)(A) . . . . . . . . . . . -13-

iii

MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S

APPLICATION TO INTERVENE AND FOR STAY OF ALL PROCEEDINGS

The Government respectfully submits this memorandum
in support of its application, pursuant to Rule 24 of the Federal
Rules of Civil Procedure ("Fed. R. Civ. P."), to intervene in
this action and for a stay of all proceedings.

PRELIMINARY STATEMENT

The Government seeks to intervene because it has
a direct and substantial interest in the subject matter of this
action, which is also the subject of criminal prosecutions
pending in the Central District of California.  The Government
also seeks a stay to avoid prejudice to the pending criminal
cases.

FACTUAL BACKGROUND

A.    Criminal Proceedings

On May 18, 2006, a federal grand jury sitting
in the Central District of California returned a first
superseding indictment (the "FSI") against defendants Milberg
Weiss Bershad & Schulman LLP (presently named "Milberg Weiss
LLP"), David J. Bershad ("Bershad"), Steven G. Schulman
("Schulman"), Seymour M. Lazar ("Lazar"), and Paul T. Selzer
("Selzer") in case no. CR 05-00587(A)-JFW.[1]

---

[1] The original indictment, against defendants Lazar and
Selzer only, was returned by the same grand jury on June 16,
2005.

1

On September 20, 2007, a Central District of California grand jury returned a second superseding indictment (the "SSI") against Milberg Weiss LLP ("Milberg Weiss"), Melvyn I. Weiss ("Melvyn Weiss"), Schulman, Lazar, and Selzer in case no. CR 05-00587(D)-JFW (hereinafter "U.S. v. Milberg Weiss"). The SSI charges Milberg Weiss with one count of conspiracy in violation of 18 U.S.C. § 371; three counts of mail fraud (in violation of 18 U.S.C. §§ 1341, 1346); one count of money laundering conspiracy (in violation of 18 U.S.C. § 1956(h)); and one count of obstruction of justice (in violation of 18 U.S.C. § 1503). The SSI charges Melvyn Weiss with one count of conspiracy (in violation of 18 U.S.C. § 371); one count of racketeering conspiracy (in violation of 18 U.S.C. § 1962(d)); one count of obstruction of justice (in violation of 18 U.S.C. § 1503); and one count of making a false statement (in violation of 18 U.S.C. § 1001). The SSI also includes criminal forfeiture counts against Milberg Weiss and Melvyn Weiss. (See SSI, attached at Exhibit A).[2]

The SSI alleges, in substance, that during the period from 1979 through 2005, Milberg Weiss, Melvyn Weiss, Bershad, Schulman, and other Milberg Weiss partners agreed to and did secretly pay kickbacks to certain named plaintiffs in connection

---

[2] Selzer is charged in the SSI with four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(I).

2

with more than 150 class actions and shareholder derivative actions in which Milberg Weiss served as counsel. These named plaintiffs, which included Lazar, Howard Vogel ("Vogel"), and Steven Cooperman ("Cooperman"), were paid a substantial portion of the attorneys' fees Milberg Weiss obtained in actions in which Lazar, Vogel, or Cooperman served, or caused a relative or associate to serve, as a named plaintiff for Milberg Weiss.

On July 9, 2007, Bershad pled guilty to a one-count superseding information charging him with conspiracy (in violation of 18 U.S.C. § 371), pursuant to his plea and cooperation agreement with the Government in United States v. David J. Bershad, Case No. CR 05-00587(B)-JFW, in connection with the kickback scheme described in the SSI. On October 9, 2007, Mr. Schulman entered a guilty plea to a one-count superseding information charging him with racketeering conspiracy (in violation of 18 U.S.C. § 1962(d)), pursuant to his plea and cooperation agreement with the Government in United States v. Steven G. Schulman, Case No. CR 05-00587(C)-JFW, in connection with the same kickback scheme. Bershad and Schulman are potential government witnesses at the trial of Milberg Weiss, Melvyn Weiss, and Selzer in U.S. v. Milberg Weiss. Their sentencings are both presently scheduled for June 23, 2008 before the Honorable John F. Walter. The Government expects to seek continuances of the sentencings, however, so that Bershad and

3

Schulman may testify at the Milberg Weiss trial before they are sentenced by Judge Walter.[3]

Trial of Milberg Weiss, Melvyn Weiss, and Selzer on the pending criminal charges in U.S. v. Milberg Weiss is presently scheduled to commence on August 12, 2008 before Judge Walter. The Government has advised Judge Walter that it does not intend to supersede the SSI and expects to proceed with trial against Milberg Weiss, Weiss, and Selzer as scheduled. The Government's present estimate of the length of its case-in-chief at trial is four to six weeks; counsel for Milberg Weiss and Melvyn Weiss have indicated that the defense cases may require several months. The Government has provided discovery to Milberg Weiss and Melvyn

---

[3] Vogel pled guilty to a one-count information charging him with making a false declaration before a federal court (in violation of 18 U.S.C. § 1623(a)), pursuant to his plea and cooperation agreement with the Government in United States v. Howard J. Vogel, case no. CR 06-00320-JFW. Cooperman pled guilty to a one-count information charging him with conspiracy (in violation of 18 U.S.C. § 371), pursuant to his plea agreement with the Government in United States v. Steven G. Cooperman, case no. CR 06-00776(A)-JFW. Lazar pled guilty to count fifteen (subscribing to false tax return) and count seventeen (obstruction of justice) of the SSI and to a one-count superseding information charging him with making a false declaration to a federal court (in violation of 18 U.S.C. § 1623(a)), pursuant to his plea agreement with the Government in U.S. v. Milberg Weiss. William S. Lerach (formerly a name partner of Lerach Coughlin Stoia Geller Rudman & Robbins LLP) pled guilty to a one-count information charging him with conspiracy (in violation of 18 U.S.C. § 371), pursuant to a plea agreement with the Government in United States v. William S. Lerach, case no. CR 07-00964-JFW. Lazar and Lerach have been sentenced by Judge Walter; Vogel and Cooperman are awaiting sentencing by Judge Walter.

Weiss pursuant to Rule 16 of the Federal Rules of Criminal Procedure and a case management order issued by Judge Walter.

    B.    <u>Proceedings In This Action</u>

On August 2, 2007, plaintiffs Linda Marshall, Ben Dampios, Al Spilloway, Bernie Apotheker, Harry Esposito, and Brent Wentz, "on behalf of themselves and all others similarly situated," filed a class action complaint (the "Complaint") in the Southern District of New York, in case no. 07 CV 6950 (LAP), against Milberg Weiss LLP, Weiss, Bershad, Schulman, and the law firm of Lerach Coughlin Stoia Geller Rudman & Robbins LLP (the "Coughlin Firm"),[4] to recover treble damages, costs, and attorneys fees for racketeering violations of 18 U.S.C. § 1962(a), (b), and (c) (mail fraud, wire fraud bribery); breach of fiduciary duty; fraud; and violations of Federal Rule of Civil Procedure 23(a)(4).  The Complaint alleges that Milberg Weiss, Melvyn Weiss, Bershad, and Schulman engaged in an illegal scheme to obtain appointments as lead counsel and awards of attorneys fees by secretly making illegal payments to their clients to serve as representative plaintiffs in class actions and derivative suits and by misrepresenting their clients' losses and shareholdings. (Complaint ¶ 3).  The Complaint is predicated on the same scheme to pay secret and illegal kickbacks in class actions and

---

    [4] The Complaint describes the Coughlin Firm as a "spin-off from" Milberg Weiss.  (Complaint ¶ 22).

shareholder derivative actions that is described in the FSI and SSI with respect to Milberg Weiss and Melvyn Weiss, as well as in the related felony informations filed in the Central District of California with respect to Bershad, Schulman, Cooperman, and Vogel.  The Complaint recites that Milberg Weiss, Bershad, and Schulman were "currently under indictment in the United States District Court for the Central District of California for, in part, making illegal payments to certain clients from fees awarded by judicial decisions," that Weiss was "under investigation by the grand jury," and that the FSI made allegations regarding Milberg Weiss's role in this scheme. (Complaint ¶¶ 6-8).  The Complaint further describes Vogel, Cooperman, and Lazar as "Related Non-Parties," citing their roles in the scheme alleged in the FSI.  (Complaint ¶¶ 28-36).

On October 30, 2007, the Coughlin Firm filed a motion to dismiss the Complaint on grounds unique to the Coughlin Firm only.  On October 30, 2007, this Court signed a stipulation and order (the "Order") staying the action as to all defendants for a period of 120 days, except that the Coughlin Firm was permitted to proceed with its motion to dismiss.  The Government provided a letter addressed to the Court dated October 29, 2007, attached as Exhibit A to the Order, in which it recommended that the Court issue the Order staying the proceedings for 120 days, "since doing so will relieve the government from having to intervene and

seek a stay of further proceedings" during that period.  The Government's letter further advised that the Government did not object to permitting the Coughlin Firm's motion to dismiss to proceed because the grounds of the motion "do not appear to implicate the subject matter of U.S. v. Milberg Weiss or otherwise prejudice the pending criminal proceedings in that case."  It is the Government's understanding that this stay expired on February 27, 2008, and that the defendants will thereafter be required to answer or otherwise respond to the Complaint within 30 days.

By this motion, the Government seeks to intervene and to stay further proceedings in this civil class action until the completion of the criminal prosecution in U.S. v. Milberg Weiss, except that the parties be permitted to proceed with adjudication of the Coughlin Firm's pending motion to dismiss.

The Government asked counsel for the parties herein to stipulate to a further stay of the proceedings in this action and has been advised as follows:  Plaintiffs object to any further stay of the proceedings.  Milberg Weiss, Weiss, Bershad, Schulman, and the Coughlin Firm do not object to the stay of proceedings requested by the Government.

7

ARGUMENT

I.   THE GOVERNMENT SHOULD BE PERMITTED TO INTERVENE IN THIS
     ACTION

The Government seeks to intervene in this action based on two provisions of Fed. R. Civ. P. Rule 24.  The first, Rule 24(a)(2), provides for intervention as of right on a timely motion by anyone who

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless the existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  The second provision, Rule 24(b)(2), provides for permissive intervention "when an applicant's claim or defense and the main action have a question of law or fact in common."  Fed. R. Civ. P. 24(b)(2).  The Government respectfully submits that its application satisfies both of those provisions.

As a general rule, courts "have allowed the government to intervene in civil actions -- especially when the government wishes to do so for the limited purpose of moving to stay discovery."  Twenty First Century Corp. v. LaBianca, 801 F. Supp. 1007 (E.D.N.Y. 1992).  Indeed, "[i]t is well established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is . . . already underway that involves common questions of law or fact."  United States v. Downe, 1993 WL

8

22126, *11 (S.D.N.Y. 1993); see also First Merchants Ents., Inc.
v. Shannon, 1989 W.L. 25214, *3, Fed. Sec. L. Rep. ¶ 94,421
(S.D.N.Y. 1989) (hereinafter "First Merchants") (allowing United
States Attorney to intervene in civil action).

A.    Intervention As Of Right

In light of the parallel nature of the proceedings
in this action and the pending SSI in U.S. v. Milberg Weiss, the
Government is entitled to intervene as of right pursuant to Fed.
R. Civ. P. 24(a)(2).  The Government indisputably has a direct
and substantial interest in the subject matter of this action,
because the pending prosecution of Milberg Weiss and Melvyn Weiss
concerns the same paid plaintiff kickback scheme and many of the
same factual and legal issues involved in this action.  Thus, the
Government has a "discernible interest in intervening in order to
prevent discovery in a civil case from being used to circumvent
the more limited scope of discovery in the criminal matter."  SEC
v. Chestman, 861 F.2d 49, 50 (2d Cir. 1988).

Furthermore, as noted above, Bershad and Schulman are
cooperating with the Government.  Their usefulness as potential
government witnesses in future criminal proceedings could be
impaired substantially if they are subjected to discovery and/or
required to file verified pleadings in this case.[5]  Moreover, the

---

[5] Vogel's usefulness as a cooperating Government witness
could also be impaired substantially if he is subjected to
discovery in this case.

9

Government has an interest in preserving the assets at issue in this action as a source for payment of potential forfeiture orders and/or fines by Milberg Weiss and Melvyn Weiss.

Absent intervention, the Government's ability to enforce the criminal laws implicated in this action will be adversely affected.  Plaintiffs cannot adequately represent the Government's interests with respect to the enforcement of the criminal statutes that have been violated in this case.  See e.g., SEC v. Downe, 1993 WL 22126, *12 ("even though the SEC is involved in this action, the United States Attorney may have an interest in this litigation which is qualitatively different from the SEC's interest").  Accordingly, the Court should grant the Government's application pursuant to Fed. R. Civ. P. 24(a)(2).

B.    Permissive Intervention

Alternatively, the Government's application readily satisfies the standard for permissive intervention under Fed. R. Civ. P. 24(b)(2).  That provision requires only that the Government "has a claim . . . that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(2).  The SSI charges Milberg Weiss and Melvyn Weiss with criminal offenses based primarily on the same kickback agreements and payments, and false statements to courts regarding those agreements and payments, that are at issue in this action.  Thus, the determination of Milberg Weiss's and Melvyn Weiss's guilt or

10

innocence on the criminal charges will turn on many of the same factual and legal questions at issue in this civil action. Accordingly, intervention is appropriate under Fed. R. Civ. P. 24(b)(2). <u>Downe</u>, 1993 WL 22126, *11 (granting permissive intervention where grand jury investigation and SEC enforcement action involved common questions of law and fact); <u>First Merchants</u>, 1989 WL 25214, *2 (granting permissive intervention in private securities fraud action).

II.  THE GOVERNMENT'S APPLICATION FOR A STAY OF PROCEEDINGS
     SHOULD BE GRANTED

     A.   <u>Applicable Legal Principles</u>

     This Court has the inherent power to stay discovery in the interests of justice. <u>Landis</u> v. <u>North American Co.</u>, 299 U.S. 248, 255 (1936); <u>Kashi</u> v. <u>Gratsos</u>, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts in this Circuit routinely recognize the power to stay parallel civil proceedings in order to protect a pending criminal prosecution or investigation. <u>Board of Governors of Fed. Reserve Sys.</u> v. <u>Pharaon</u>, 140 F.R.D. 634, 641 (S.D.N.Y. 1991) (granting stay of Federal Reserve enforcement action pending state grand jury investigation); <u>SEC</u> v. <u>Control Metals Corp.</u>, 57 F.R.D. 56, 58 (S.D.N.Y. 1972) (granting stay of SEC enforcement action pending District of Columbia grand jury investigation); <u>United States</u> v. <u>One 1964 Cadillac Coupe DeVille</u>, 41 F.R.D. 352, 353 (S.D.N.Y. 1966) ("where both civil and criminal proceedings arise out of the same or related transactions the government is

11

ordinarily entitled to a stay of all discovery in the civil case
until disposition of the criminal matter").

The need for a stay of parallel civil proceedings arises
from the fundamental differences between civil and criminal
proceedings and the compelling public interest in facilitating
enforcement of the criminal laws.  In re Ivan F. Boesky
Securities Litig., 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public
interest in the criminal case is entitled to precedence over the
civil litigant") (emphasis in original).

In evaluating applications by the Government to
stay civil proceedings, courts balance the competing interests
implicated on a case-by-case basis.  See Downe, 1993 WL 22126,
*12; Volmar Dist., Inc. v. New York Post Co., Inc., 152 F.R.D.
36, 39 (S.D.N.Y. 1993) (hereinafter "Volmar"); First Merchants,
1989 WL 25214, *2.  Among the factors that have been identified
as relevant to this balancing are:  (1) prejudice to the
Government's interest in connection with ongoing criminal
prosecutions; (2) prejudice to the interests of the civil parties
in prompt resolution of their disputes; (3) the interests of
parties not represented in the civil proceedings; (4) the courts'
interests in judicial economy and the efficient use of resources;
and (5) the public interests involved in both criminal and civil
proceedings.  See, e.g., Trustees of Plumbers and Pipefitters
National Pension Fund v. Transworld Mechanical, Inc., 886 F.

Supp. 1134, 1139 (S.D.N.Y. 1995) (hereinafter "<u>Plumbers Fund</u>")
(listing factors).

    With respect to the first factor, prejudice to the
Government, the principal concern articulated by the courts is
the danger that criminal defendants may abuse the mechanisms of
civil discovery to circumvent the limitations on discovery in
criminal prosecutions.  <u>Downe</u>, 1993 WL 22126, *12.  The Federal
Rules of Civil Procedure authorize broad discovery of both
parties and non-parties.  <u>See</u>, <u>e.g.</u>, Fed. R. Civ. P. 26(b)
("Parties may obtain discovery regarding any matter, not
privileged, which is relevant to the subject matter involved in
the pending action.").  In contrast, discovery under the Federal
Rules of Criminal Procedure is circumscribed.  Fed. R. Crim. P.
16 generally limits discovery to certain statements of the
defendant, the defendant's prior criminal record, and other
information that is "material to the preparation of the
defendant's defense or . . . intended for use by the government
as evidence in chief at the trial, or were obtained from or
belong to the defendant."  (Fed. R. Crim. P. 16(a)(1)(A),
16(a)(1)(B), 16(a)(1)(C)).  Absent "exceptional circumstances"
and a court order, a criminal defendant may not conduct
depositions in a criminal case.  Fed. R. Crim. P. 15(a).

    In addition to the foregoing concerns, considerations of
judicial economy and the efficient resolution of civil disputes

13

typically support applications by the Government for a stay of
parallel civil proceedings.  Often, common issues of law and fact
are resolved in the criminal proceeding, narrowing the issues in
dispute in the civil action.  See United States v. Mellon Bank,
N.A., 545 F.2d 869, 873 (3d Cir. 1976) ("resolution of the
criminal case may moot, clarify, or otherwise affect various
contentions in the civil case"); Brock v. Tolkow, 109 F.R.D. 116,
120 (E.D.N.Y. 1985) ("resolution of the criminal case might
reduce the scope of discovery in the civil case and otherwise
simplify the issues").  Moreover, "due to the overlapping issues
in the criminal and civil trials, the criminal justice system
will help safeguard the evidence, and any resulting incarceration
could only serve to insure the availability of all the parties."
Volmar, 152 F.R.D. at 40.  Finally, "resolution of the criminal
case may increase the possibility of settlement in the civil case
due to the high standard of proof required in a criminal
prosecution."  Plumbers Fund, 886 F. Supp. at 1140.

      B.   Discussion

In this case, the possibility of prejudice to the criminal
prosecution of Milberg Weiss and Melvyn Weiss, the public
interest in effective enforcement of the criminal laws, and the
interests of judicial economy weigh heavily in favor of a stay.
Although a stay may delay the ultimate resolution of the
plaintiffs' claims against Milberg Weiss, Melvyn Weiss, Bershad,

Schulman, and the Coughlin Firm, the plaintiffs will not be substantially prejudiced by the stay the Government seeks. Indeed, it is likely that the parties will benefit from the prior resolution of the criminal case, through the development and preservation of evidence and the narrowing of factual and legal issues.

        1.   <u>Prejudice to the Government</u>

    As noted above, Bershad and Schulman have entered into cooperation agreements with the Government which obligate them, among other things, to provide truthful and complete testimony and information to the investigating authorities.  Such testimony may be requested at a trial or at sentencing hearings.  If Bershad and Schulman comply with their obligations under the cooperation agreements, and if they render substantial assistance in the prosecution of others, at the time of sentencing the Government may move for a downward departure from the applicable Sentencing Guidelines range pursuant to U.S.S.G. § 5K1.1.

    The usefulness of Bershad and Schulman as potential government witnesses in future criminal proceedings may be seriously impaired if they are required to file responsive pleadings, comply with deposition notices, interrogatories or requests for admission in this civil action.  Such statements likely would constitute <u>Jencks</u> material that could be used to cross-examine them at trial in <u>U.S. v. Milberg Weiss</u>.

Furthermore, disclosure of the substance of potential testimony in advance of the criminal trial could facilitate efforts by Milberg Weiss and Melvyn Weiss or others to manufacture evidence and tailor defenses to the Government's proof.[6]

In addition, depositions and requests for discovery of non-party witnesses, such as Vogel, who have cooperation agreements with the Government and pursuant to which they provide extensive information to the Government, would permit Milberg Weiss and Melvyn Weiss to compel the disclosure of the substance of that information, thereby circumventing the more limited discovery available in his criminal case.

> 2.    Lack of Prejudice to Civil Parties

Plaintiffs are unlikely to be prejudiced by the requested stay.  This action is at an early stage.  To our knowledge, no discovery has taken place, no other proceedings have occurred (except the parties' filings re the Coughlin Firm's pending motion to dismiss) and no substantive rulings have been made by this Court.

In any event, as courts have repeatedly held, any prejudice to plaintiffs resulting from a stay of parallel civil proceedings is minimized by the fact that the parties "will have appropriate opportunity for discovery at the conclusion of the criminal

---

[6] Notably, the SSI includes a count alleging that Milberg Weiss and Melvyn Weiss obstructed the grand jury's investigation in U.S. v. Milberg Weiss, in violation of 18 U.S.C. § 1503.

trial" of Milberg Weiss and Melvyn Weiss.  <u>SEC</u> v. <u>Princeton Econ.</u>
<u>Int'l Ltd.</u>, 2000 WL 193131, *2 (citing <u>SEC</u> v. <u>Chestman</u>, 861 F.2d
at 50).  Indeed, the pending criminal proceedings will develop an
evidentiary record and preserve that record for use in the civil
action.  <u>Plumbers Fund</u>, 886 F. Supp. at 1140 ("evidence gathered
during the criminal prosecution can later be used in the civil
action").

        3.  <u>Judicial Interests</u>

Allowing the criminal case to proceed ahead of the civil
action likely will result in a narrowing of the factual and legal
issues before this Court.  <u>Volmar</u>, 152 F.R.D. at 40; <u>Brock</u> v.
<u>Tolkow</u>, 109 F.R.D. at 120.  In addition, criminal convictions of
Milberg Weiss and Melvyn Weiss would increase the likelihood of
settlement in this action.  <u>Plumbers Fund</u>, 886 F. Supp. at 1140.
The criminal process may create an evidentiary record that will
limit the scope of subsequent discovery in the civil case, thus
conserving the resources of both the parties and the Court in
completing the civil discovery process and resolving any disputes
that may arise out of that process.  <u>Volmar</u>, 152 F.R.D. at 41
("the availability of transcripts and other evidence from the
criminal trial may eliminate altogether the need for certain
depositions").  Accordingly, the interests of judicial economy
are better served by the stay that the Government seeks.

4.    <u>Public Interest</u>

The overriding public interest in enforcement of the criminal laws also weighs heavily in favor of a stay.  The SSI charges Milberg Weiss and Melvyn Weiss with participating in a secret and illegal kickback scheme that spanned more than two decades, involved more than $10 million in kickbacks paid to certain named plaintiffs in connection with more than 150 class actions and derivative lawsuits pursued by Milberg Weiss in federal and state courts throughout the country, and resulted in Milberg Weiss and Melvyn Weiss obtaining more than $200 million in tainted attorneys' fees obtained that are subject to criminal forfeiture in <u>U.S. v. Milberg Weiss</u>.  Allowing the criminal case to proceed first will vindicate not only the public's interest in the <u>Schein Pharmaceutical</u> class action in which three of the plaintiffs herein were class members,[7] but also other interests implicated in scores of other tainted class actions and by the additional criminal charges.  <u>United States</u> v. <u>Napoli</u>, 179 F.3d 1, 7 (2d Cir. 1999) ("the 'victims' of fraud counts are those persons who have lost money or property as a direct result of the fraud. . . .  The 'victim' of money laundering is, by contrast, ordinarily society at large.") (citations omitted); <u>Volmar</u>, 152

---

[7] The <u>Schein Pharmaceutical</u> class action is cited in the SSI as case in which Milberg Weiss paid kickbacks to Lazar.  The other three plaintiffs herein claim to be members of the <u>Safeskin</u> class action, a case that was not the subject of any criminal allegations in <u>U.S. v. Milberg Weiss</u>.

F.R.D. at 40 ("The public certainly has an interest in the preservation of the integrity of competitive markets. However, the pending criminal prosecution serves to advance those same interests."); Plumbers Fund, 886 F. Supp. at 1140 ("Because of the overlapping issues in the criminal and civil cases, the criminal prosecution will serve to advance the public interests at stake here."). Moreover, a stay of civil discovery will not involve any continuing harm to the public. Cf. SEC v. Dresser Indus., 628 F.2d 1368, 1377 (D.C. Cir.), cert. denied, 449 U.S. 993 (1980) (denying stay on ground that it might permit "[d]issemination of false or misleading information by companies to members of the investing public").

C.    The Requested Stay

The stay that the Government seeks will prevent prejudice to the criminal prosecution of Milberg Weiss and Melvyn Weiss, while minimizing the burden on the private parties in this action. A stay of responsive pleadings, depositions, interrogatories, requests for admission and any other testimonial forms of discovery will prevent exposure of potential Government witnesses and the attendant risks discussed above. On the other hand, the proposed exemption of the Coughlin Firm's pending motion to dismiss from the requested stay will not prejudice the Government's prosecution.

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its application to intervene and for an order staying all further proceedings in this action.

Dated:     Los Angeles, California
           February 28, 2007

                              Respectfully submitted,

                              THOMAS P. O'BRIEN
                              United States Attorney
                              Central District of California

                    By:    s/Richard E. Robinson
                           RICHARD E. ROBINSON
                           Assistant U.S. Attorney
                           (213) 894-0713

                           MICHAEL J. GARCIA
                           United States Attorney
                           Southern District of New York

                    By:    s/Stanley J. Okula, Jr.
                           Stanley J. Okula, Jr.
                           Assistant U.S. Attorney/Local
                           Counsel
                           (212) 637-1585

20