UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------X
                                    :
LINDA MARSHALL, BEN DAMPIOS,        :
AL SPILLOWAY, BERNIE APOTHEKER,     :   Civil Action No.
HARRY ESPOSITO and BRENT WENTZ,     :
on behalf of themselves and all     :
others similarly situated,          :   07 CV 6950 (LAP)
                                    :
              Plaintiffs,           :
                                    :
       v.                           :
                                    :
MILBERG WEISS BERSHAD & SCHULMAN    :
LLP, LERACH COUGHLIN STOIA GELLER   :
RUDMAN & ROBBINS LLP, MELVYN I.     :
WEISS, DAVID J. BERSHAD, and        :
STEVEN G. SCHULMAN,                 :
DOES 1 THROUGH 15,                  :
                                    :
              Defendants.           :
                                    :
------------------------------------X
```

**PLAINTIFFS' MEMORANDUM OF LAW IN PARTIAL
OPPOSITION TO THE GOVERNMENT'S MOTION
<u>TO INTERVENE AND STAY ALL PROCEEDINGS</u>**

BEATIE AND OSBORN LLP
Russel H. Beatie, Esq.
Daniel A. Osborn, Esq.
521 Fifth Avenue, Suite 3400
New York, New York 10175
Telephone: (212) 888-9000
Facsimile: (212) 888-9664

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . 1

BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    The Criminal Case Will Not Be Prejudiced By
    The Limited Proceedings Sought By Plaintiffs . . . . . . . 3

        Prejudice to Plaintiffs . . . . . . . . . . . . . . . 4

        Prejudice to Defendants . . . . . . . . . . . . . . . 5

        Prejudice to the Government's Criminal Case . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES**

**Case**                                                                 **Page(s)**

**FEDERAL CASES**

*SEC v. Downe*, 1993 WL 22126 (S.D.N.Y. Jan. 26, 1993)  . . . .   3

*Volmar Distribs., Inc. v. New York Post Co.*,
    152 F.R.D. 36 (S.D.N.Y. 1993) . . . . . . . . . . . .   3, 4, 5

**PRELIMINARY STATEMENT**

Plaintiffs Linda Marshall, Ben Dampios, Al Spilloway, Bernie Apotheker, Harry Esposito, and Brent Wentz ("Plaintiffs") respectfully submit this memorandum in partial opposition to the Government's motion to intervene and stay all proceedings in this matter until the related criminal case is completed.

Plaintiffs do not object to the Government intervening in this case or to a stay of the proceedings with the following exceptions: (1) plaintiffs are permitted to file an amended complaint, (2) defendants must answer the amended complaint, (3) plaintiffs may serve written discovery demands, i.e., interrogatories, requests for documents, and requests to admit, and (4) defendants shall serve responses to plaintiffs discovery demands five days after the stay is lifted.

Because the Government's criminal case will not be prejudiced by the plaintiffs serving an amended complaint and discovery demands or defendants answering the amended complaint, the Government's motion to intervene and for a stay should be granted with the proviso that the above-listed actions may proceed.

**BACKGROUND**[1]

Plaintiffs commenced this action on August 2, 2007, and soon thereafter agreed to extend defendants' time to answer or move in response to the complaint. Before any defendant responded to the complaint, the parties and the Government began discussions about staying this case to permit the related criminal case to proceed.

On or about October 30, 2007, the parties stipulated to stay this matter for 120 days and this Court "So Ordered" the Stipulation. As part of that Stipulation the parties agreed that defendant law firm Lerach Coughlin Stoia Geller Rudman & Robbins LLP could file a motion to dismiss, in lieu of an answer. Lerach Coughlin's motion to dismiss, opposed by plaintiffs, is pending before this Court.

Some time before February 28, 2008, when the original stay was to expire, counsel for the Government contacted plaintiffs' counsel and requested that plaintiffs agree to a further stay of all proceedings pending completion of the criminal case. Plaintiffs' counsel told the Government that plaintiffs

---

[1] The procedural histories of both this case and the related criminal case are set forth in the Government's Memorandum Of Law In Support Of Application to Intervene And To Stay Discovery submitted in support of the pending motion and will not be repeated here except as necessary to explain why the parties and the Government did not reach an agreement relating to a further stay.

2

would not agree to an indefinite stay of all proceedings; expecting, however, that there would be further discussions and room for negotiation, as there had been in connection with the first stay.  Unfortunately, there were no further discussions; and the Government filed its motion.

**ARGUMENT**

### The Criminal Case Will Not Be Prejudiced By The Limited Proceedings Sought By Plaintiffs

As they did when the Government requested the first stay, plaintiffs consent to a reasonable stay in this case.  Plaintiffs, however, respectfully request that the following exceptions to the stay be included in any order by this Court: (1) plaintiffs are permitted to file an amended complaint, (2) defendants must answer the amended complaint, (3) plaintiffs may serve written discovery demands, i.e., interrogatories, requests for documents, and requests to admit, and (4) defendants shall serve responses to plaintiffs discovery demands five days after the stay is lifted.  Because these very limited exceptions to the stay will not prejudice the Government's criminal case, this Court should include them in an order granting the Government's motion.

This Court has the authority to issue a stay in this case.  *Volmar Distribs., Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993), *SEC v. Downe*, 1993 WL 22126, * 12 (S.D.N.Y.

Jan. 26, 1993). The decision whether to grant a stay is made on "a case-by-case" basis "with the basic goal being to avoid prejudice." *Volmar*, 152 F.R.D. at 39. In deciding whether to grant the stay sought by the Government in this case, this Court should consider:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Volmar*, 152 F.R.D. at 39. In considering these factors, the Court should also focus on the very limited exceptions plaintiffs seek to the stay -- they do not seek to take discovery.

<u>Prejudice to Plaintiffs</u>. Plaintiffs commenced this case in August, 2007. By the Government's own estimation, the criminal case will likely not be completed until the end of this year -- started on August 12, 2008, four to six weeks for the Government's case-in-chief, and several months for defendants' case. (Government's Memorandum of Law at 4.) After the criminal case concludes, assuming the civil case has been stayed, plaintiffs will likely face a barrage of motion practice. Under these circumstances, it will be more than a year and a half before plaintiffs can have an answer to their complaint and serve discovery requests.

In general, "plaintiffs have a strong interest in the expeditious resolution of the civil proceedings." *Volmar*, 152 F.R.D. at 40. Plaintiffs in this case are no less interested in a quick resolution to their claims than any other plaintiff. Nonetheless, because plaintiffs agree that the criminal case is important and acknowledge that it may prove helpful in resolving this civil action, plaintiffs are willing to accept some delay.

Plaintiffs, however, will be prejudiced if they are not permitted to amend their complaint until after the criminal case is concluded. Plaintiffs intend to amend the complaint to add one or more defendants including, at least, William S. Lerach.[2] If forced to wait until the end of this year, or some time next year, plaintiffs may be precluded from adding defendants by the relevant statutes of limitations.

<u>Prejudice to Defendants</u>. In plaintiffs' experience, defendants generally would like to delay resolution of claims against them unless they are assured of a victory. Certainly those defendants in the civil case who have not pled guilty in the criminal case may not want to be litigating on two fronts.

---

[2] Plaintiffs also intend to add factual allegations, including allegations relating to and from the various guilty pleas and plea agreements in the criminal case.

Plaintiffs, however, are seeking very little from defendants while the criminal case is alive. Plaintiffs want answers to their complaint (or amended complaint). Any order on this motion should provide that defendants would have the right to make any appropriate motion, including a Rule 12(b)(6) motion, after the stay is lifted. In addition, defendants would have to prepare, but not serve, discovery responses.

Defendants are not prejudiced by plaintiffs proposed exceptions to the Government's stay.

<u>Prejudice to the Government's Criminal Case</u>. The Government argues, essentially, that it will be prejudiced if the criminal defendants are able to use civil discovery to obtain more and different information than is otherwise proper under the more limited criminal discovery. (Government Memorandum of Law at 15-16.) Plaintiffs, however, do not seek to conduct discovery while the criminal case is pending. Plaintiffs ask only to be permitted to serve their written discovery requests. If the only thing the Government objected to was the parties in this civil case conducting discovery, there would be nothing for this Court to resolve.

In fact, however, the Government also objects to the defendants filing responsive pleadings. The Government claims, without explanation or authority, that the filing of responsive

6

pleadings by defendants will also impair certain defendants' usefulness as government witnesses. (Government Memorandum of Law at 15.) The Government fails to provide any legal authority for staying defendants' obligations to serve responsive pleadings. The cases cited by the Government discuss limiting discovery, which is not at issue.

Because the limited exceptions to the stay proposed by plaintiffs will not prejudice the Government's criminal case, they should be incorporated into any order by this Court granting a stay in this case.

## **CONCLUSION**

For the foregoing reasons, the Government's application for a stay in this case should be granted with the following exceptions: (1) plaintiffs are permitted to file an amended complaint, (2) defendants must answer the amended complaint, (3) plaintiffs may serve written discovery demands, i.e., interrogatories, requests for documents, and requests to admit, and

(4) defendants shall serve responses to plaintiffs discovery demands five days after the stay is lifted.

Dated:  New York, New York
        March 7, 2008

                                        Respectfully submitted,

                                        **BEATIE AND OSBORN LLP**

                                        s/ Russel H. Beatie
                                        Russel H. Beatie, Esq.
                                        Daniel A. Osborn, Esq.
                                        521 Fifth Avenue
                                        Suite 3400
                                        New York, New York 10175
                                        Telephone: (212) 888-9000
                                        Facsimile: (212) 888-9664

                                        *Counsel for Plaintiffs*
                                        *Linda Marshall, Ben Dampios,*
                                        *Al Spilloway, Bernie Apotheker,*
                                        *Harry Esposito, and Brent Wentz*

## CERTIFICATE OF SERVICE

  On this 7th day of March, 2008, I certify that I served all counsel of record by filing the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO THE GOVERNMENT'S MOTION TO INTERVENE AND STAY ALL PROCEEDINGS** by using this Court's ECF system, and by sending same via Federal Express overnight mail to the following:

  Stanley J. Okula, Jr.
  Assistant U.S. Attorney
  United States Attorney's Office
  Southern District of New York
  300 Quarropas Street
  White Plains, New York 10601
  (212) 637-1585

  Richard E. Robinson
  Assistant U.S. Attorney
  United States Attorney's Office
  Central District of California
  312 North Spring Street
  Los Angeles, California 90012
  (213) 894-0713

  Eric R. Levine
  Eric P. Heichel
  Eisenman Levine Lehrhaupt & Kakoyiannis, P.C.
  805 Third Avenue
  New York, New York 10022
  (212) 752-1000
  *Attorneys for Defendant*
  *Lerach Coughlin Stoia Geller Rudman & Robbins LLP*

  Gregory P. Joseph
  Gregory P. Joseph Law Offices LLC
  485 Lexington Avenue, 30th Floor
  New York, New York 10017
  *Attorneys for Defendants Melvyn I Weiss and*
  *Milberg Weiss Bershad & Schulman LLP*

Jeffrey Speiser
Stern & Kilcullen, LLC
75 Livingston Avenue
Roseland, New Jersey 07068
*Attorneys for Defendant Steven G. Schulman*

Christopher M. DiMuro, Esq.
Robert D. Luskin
Patton Boggs LLP
1675 Broadway, 31st Floor
New York, New York 10019
(646) 557-5100
*Attorneys for Defendant David J. Bershad*

Andrew M. Lawler
Andrew M. Lawler, P.C.
641 Lexington Avenue, 27th Floor
New York, New York 10022
*Attorneys for Defendant David J. Bershad*

                    BEATIE AND OSBORN LLP

             By:   s/ Russel H. Beatie
                   Russel H. Beatie
                   521 Fifth Avenue, Suite 3400
                   New York, New York 10175
                   Telephone:  (212) 888-9000
                   Facsimile:  (212) 888-9664