UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LINDA MARSHALL, BEN DAMPIOS, AL SPILLOWAY, BERNIE APOTHEKER, HARRY ESPOSITO and BRENT WENTZ, On Behalf of Themselves and All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>vs.<br><br>MILBERG WEISS BERSHAD & SCHULMAN LLP, LERACH COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP, MELVYN I. WEISS, DAVID J. BERSHAD, and STEVEN G. SCHULMAN, DOES 1 THROUGH 15,<br><br>*Defendants.* | Civil Action No. 07-cv-6950 (LAP)<br>ECF Case |

### RESPONSE OF MILBERG WEISS LLP AND MELVYN I. WEISS TO PLAINTIFFS' PARTIAL OPPOSITION TO THE GOVERNMENT'S MOTION TO INTERVENE AND STAY ALL PROCEEDINGS

**GREGORY P. JOSEPH LAW OFFICES LLC**
Gregory P. Joseph (GJ-1210) (gjoseph@josephnyc.com)
Douglas J. Pepe (DP-1230) (dpepe@josephnyc.com)
Sandra M. Lipsman (SL-1220) (slipsman@josephnyc.com)
Jeffrey H. Zaiger (JZ-1208) (jzaiger@josephnyc.com)
485 Lexington Avenue, 30th Floor
New York, New York 10017
Telephone: (212) 407-1200
Fax: (212) 407-1280

*Attorneys for Defendants Milberg Weiss LLP and Melvyn I. Weiss*

Defendants Milberg Weiss LLP and Melvyn I. Weiss ("Milberg Weiss Defendants") do not oppose the Government's Motion to Intervene and Stay All Proceedings. Plaintiffs' Partial Opposition to that motion, however, urges a wholly unacceptable alternative.

Plaintiffs propose that the Court bar the Milberg Weiss Defendants from filing their motion to dismiss, while at the same time: (1) requiring them to answer an amended complaint that plaintiffs request leave to serve; (2) permitting Plaintiffs to serve discovery; and (3) ordering Defendants to serve responses five days after the stay is lifted. This is entirely one-sided, prejudicial and irreconcilable with the Federal Rules of Civil Procedure.

If the Court does not grant the Government's motion for a stay, to which the Milberg Weiss Defendants have no objection, then the Milberg Weiss Defendants should be permitted to file their motion to dismiss what is, we submit, a thoroughly unsound complaint. If the stay is not granted and the plaintiffs wish to amend their complaint, the Milberg Weiss Defendants have no objection, provided that (i) the requested amendment constitutes Plaintiffs' one amendment as of right under Fed. R. Civ. P. 15(a), and (ii) Plaintiffs acknowledge that no further amendments will be sought prior to disposition of the Milberg Weiss Defendants' motion to dismiss.

There is no legal or equitable basis for the Plaintiffs' request that the Milberg Weiss Defendants be required to file an answer and move to dismiss months later. Rule 12 confers on defendants the right to file a motion to dismiss in lieu of an answer. Nor is it appropriate to authorize written discovery in the face of a complaint that, we submit, is deficient on its face and states no claim under any theory. The plaintiffs' proposal effectively rewrites the Federal Rules of Civil Procedure, would waste substantial judicial and litigant resources, and would significantly prejudice the Milberg Weiss Defendants.

The Government's application for a stay (allowing only the Coughlin Stoia motion to dismiss to proceed) is sensible under the circumstances. If the Court is inclined to grant any conditions to the stay, however — and we urge none — the Milberg Weiss Defendants request permission to file their motion to dismiss, in lieu of an answer, before any discovery is allowed to proceed.

Dated: March 14, 2008

        Respectfully Submitted,

        GREGORY P. JOSEPH LAW OFFICES LLC

        _____
        Gregory P. Joseph (GJ-1210)
        Douglas J. Pepe (DP-1230)
        Sandra M. Lipsman (SL-1220)
        Jeffrey H. Zaiger (JZ-1208)
        485 Lexington Avenue, 30th Floor
        New York, NY 10017
        (212) 407-1200
        Fax: (212) 407-1280
        *Attorneys for Defendants Milberg Weiss LLP*
        *and Melvyn I. Weiss*