UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
LINDA MARSHALL, BEN DAMPIOS, )
AL SPILLOWAY, BERNIE APOTHEKER, )
HARRY ESPOSITO and BRENT WENTZ, )
on behalf of themselves and all )
others similarly situated, )
 )
      Plaintiffs, )
 )
v. )  Civil Action No.:  07 CV 6950 (LAP)
 )
MILBERG WEISS BERSHAD & SCHULMAN )
LLP, LERACH COUGHLIN STOIA GELLER )
RUDMAN & ROBBINS LLP, MELVIN I. )
WEISS, DAVID J. BERSHAD, and STEVEN G. )
SCHULMAN, DOES 1 THROUGH 15, )
 )
      Defendants. )
---------------------------------------------------------------X

## DEFENDANT DAVID J. BERSHAD'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S PARTIAL OPPOSITION TO THE GOVERNMENT'S MOTION TO INTERVENE AND STAY ALL PROCEEDINGS

PATTON BOGGS LLP
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone: (646) 557-5100
Facsimile: (646) 557-5101

-And-

ANDREW M. LAWLER, P.C.
641 Lexington Avenue, 27th Floor
New York, NY  10022
Telephone:  (202) 832-3160

Attorneys for Defendant
David J. Bershad

Pursuant to Local Civil Rule 7.1, Defendant David J. Bershad ("Bershad") submits this memorandum in response to Plaintiffs' partial opposition to the Government's motion to intervene and stay all proceedings.

## PRELIMINARY STATEMENT

The Government seeks to intervene in this action and to stay all proceedings pending the resolution of related criminal prosecutions in the United States District Court for the Central District of California. *See* D.E. #24. Plaintiffs do not oppose the Government's intervention, and only partially oppose the stay by requesting four "exceptions": (1) permission to file an amended complaint; (2) requiring Defendants to answer the amended complaint; (3) permission to serve written discovery; and (4) requiring Defendants to respond to the written discovery five days after lifting the stay. *See* D.E. #25. Bershad does not object to the Government's intervention and joins the Government's request to stay all proceedings. Bershad also has no objection to Plaintiffs' filing an amended complaint pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). Bershad does, however, object to Plaintiffs' remaining "exceptions" seeking to expedite responsive pleadings and written discovery so as to precede either final lifting of the stay or resolution of motions to dismiss.

## ARGUMENT

**I.  Bershad Does Not Object to Plaintiffs' Amending Their Complaint Once as a Matter of Course Under Federal Rule of Civil Procedure 15(a)(1)(A).**

Plaintiffs seek an exception to the stay by which they would be permitted to file an amended complaint. *See* D.E. #25 at 1, 3, 7. Bershad does not object to that request, provided the amended complaint constitutes Plaintiffs' one amendment as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A).

## II. Bershad Would Be Prejudiced by Any Requirement to Answer an Amended Complaint Before Lifting the Stay or Before Determination of Motions to Dismiss.

Plaintiffs also seek, as a purported "exception" to the stay, the extraordinary requirement that Defendants forego their right to file motions to dismiss under Federal Rule of Civil Procedure 12(b) and instead answer the amended complaint, despite the stay, prior to conclusion of the related criminal case. *See* D.E. #25 at 1, 3, 7. Bershad objects to any such requirement because it would deprive him of the right under the Federal Rules of Civil Procedure to challenge Plaintiffs' claims through a motion to dismiss in lieu of an answer and because it threatens unnecessarily his Fifth Amendment right against self-incrimination and infringes his right to fully and vigorously defend this action.

### A. Bershad Would Be Prejudiced by a Requirement to Answer the Complaint Prior to Motions to Dismiss.

Requiring Bershad to answer immediately would eviscerate his right under the Federal Rules of Civil Procedure to challenge Plaintiffs' claims with a motion to dismiss rather than through a responsive pleading. Rule 12(b) permits a defendant to bring seven enumerated defenses, including lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, by motion, and requires that "[a] motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." FED. R. CIV. P. 12(b) (emphasis added). Rule 12(a) specifies that a motion to dismiss alters the time for answering the complaint such that "the responsive pleading must be served within 10 days after notice of the court's action" denying the motion or postponing its disposition. FED. R. CIV. P. 12(a)(4)(A) (emphasis added).

The purpose of a motion to dismiss is to protect defendants from having to answer legally deficient claims. *See, e.g., Consol. Rail Corp. v. Nevins-Patrillo Warehouse & Distrib. Syst., Inc.*, 501 F.Supp. 27, 28 (S.D.N.Y. 1980) (stating that the purpose of a motion to dismiss "is to

2

test the legal sufficiency of a complaint."); Wright & Miller, FEDERAL PRACTICE & PROCEDURE: Civil 3d § 1349 ("These seven defenses are permitted to be asserted prior to service of a responsive pleading because they present preliminary or threshold matters that normally should be adjudicated early in the action.").[1] Plaintiffs offer no basis for upending the Rules, which require challenges to flawed allegations to be made before the case moves forward. Indeed, Bershad's right to address Plaintiffs' claims by moving to dismiss, in lieu of answering, is particularly acute as to the civil RICO counts. *See, e.g., Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996) (explaining that because "[c]ivil RICO is an unusually potent weapon[,] 'courts should strive to flush out frivolous RICO allegations at an early stage of the litigation.'"), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (quoting *Figueroa v. Alegria*, 895 F.2d 645, 650 (1st Cir. 1990)); *see also Kirk v. Heppt*, 423 F.Supp.2d 147, 150 (S.D.N.Y. 2006) (same). Bershad, therefore, would be particularly prejudiced by any alteration of the typical litigation sequence that would require him to answer claims that likely would not survive scrutiny under Rule 12(b).

      **B.**    **Requiring Bershad to Answer Before Sentencing Infringes His Fifth Amendment Rights.**

A civil defendant may assert his Fifth Amendment right in an answer to the plaintiff's complaint "as to any matter which [he] believe[s] in good faith is covered by the privilege." *Beth Israel Med. Ctr. v. Smith*, 576 F.Supp. 1061, 1072 (S.D.N.Y. 1983) ("The defendants, of course, are entitled to assert their Fifth Amendment privilege in their answer."); *see also In re Livent, Inc. Noteholders Sec. Litig.*, 151 F.Supp.2d 371, 444 (S.D.N.Y. 2001) (finding that defendants had "good reason to seek the protections of the Fifth Amendment" in their answer to

---

[1] This Court's Individual Practices specifically refer to motions under Rule 12(b) as "motions to dismiss *in lieu of* answer." *Individual Practices of Judge Loretta A. Preska*, ¶ 2.A (emphasis added).

3

the civil complaint, though requiring them to assert that privilege with respect to each individual allegation in the complaint). *See also Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973) (Fifth Amendment may be asserted to refuse to answer official questions in a civil proceeding where answers could be incriminatory); *Minnesota v. Murphy*, 465 U.S. 420, 425-26 (1984).

Bershad's Fifth Amendment right against self-incrimination is not extinguished by his guilty plea and he maintains that right until a final sentence is imposed in his related criminal prosecution. *Mitchell v. United States*, 526 U.S. 314, 325-27 (1999); *see also United States v. Lumpkin*, 192 F.3d 280, 285 (2d Cir. 1999) ("the assertion of the privilege against self-incrimination survives a guilty plea. . . ."); *United States v. Bahadar*, 954 F.2d 821, 825 (2d Cir. 1992) (witness retained a Fifth Amendment right against self-incrimination when he had pled guilty but had not yet been sentenced); *United States v. Rivera*, 201 F.3d 99, 101 (2d Cir. 1999) (defendant's Fifth Amendment right against self-incrimination "extends to the sentencing phase of a criminal proceeding as well"); *United States v. Zapata*, 369 F.Supp.2d 454, 458-59 (S.D.N.Y. 2005) (co-conspirator "did not waive his Fifth Amendment privilege against self-incrimination when he pleaded guilty . . . because he had not yet been sentenced by the Court").

Here, Bershad's Fifth Amendment rights would be implicated by a requirement to answer Plaintiffs' claims prior to his criminal sentencing because Plaintiffs' current complaint contains specific factual allegations that track the criminal indictment and Plaintiffs concede that their proposed amended complaint would include allegations taken directly from Bershad's and others' criminal guilty pleas and plea agreements. *See* D.E. #25 at 5 n.2 ("Plaintiffs also intend to add factual allegations, including allegations relating to and from the various guilty pleas and plea agreements in the criminal case."); *see also Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F.Supp. 1134, 1138 (S.D.N.Y. 1995) (noting that "the

denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination"); *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("denying a stay might undermine a defendant's Fifth Amendment privilege against self-incrimination.") (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1376 (D.C. Cir. 1980)).

However, Bershad's invocation of his Fifth Amendment right in his responsive pleading would burden his due process right to fully defend the civil claims against him. *See, e.g., Baxter v. Palmigiano*, 425 U.S. 308, 318-20 (1976) (no constitutional bar to adverse inferences drawn from a party's refusal to testify in a civil action); *Brock v. Tolkow*, 109 F.R.D. 116, 120 (E.D.N.Y. 1985) (noting that, when civil litigants assert their Fifth Amendment rights against self-incrimination, "they greatly increase the chance that they be found liable in [the] civil case for substantial sums of money."); *Philip Morris, Inc. v. Heinrich*, Case No. 95 Civ. 0328 (LMM), 1998 WL 167333 (S.D.N.Y. Apr. 7, 1998) (extending time for defendant to answer civil complaint until after criminal sentencing because significant prejudice to defendant from asserting Fifth Amendment privilege in answer outweighed any prejudice to plaintiff)(For the Court's convenience, a true and complete copy of the *Philip Morris, Inc. v. Heinrich* Opinion is attached hereto as Exhibit 1).

Forcing a defendant to forbear one constitutional right to preserve another essentially corrupts both rights, and any such Hobson's choice should be avoided wherever possible by issuance of an appropriate stay. *United States v. Certain Real Prop.*, 55 F.3d 78, 84 (2d Cir. 1995) (holding that "the exercise of Fifth Amendment rights should not be made unnecessarily costly.") (citing *Spevack v. Klein*, 385 U.S. 511, 515 (1967)); *Plumbers & Pipefitters*, 886 F.Supp. at 1140 (stay served defendants' superior "interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil

5

case."). *See also, e.g., United States v. Simmons*, 390 U.S. 377, 394 (1968) (finding "it intolerable that one constitutional right should have to be surrendered in order to assert another.").

Furthermore, as the Government's Motion to Intervene and to Stay makes clear, Bershad's usefulness as a witness will be severely impaired if he is required to answer specific factual allegations before the criminal trial. The Government has expressed its strong preference that Bershad not be required to file a responsive pleading in this case until after his criminal sentencing. *See* D.E. #24 at 9, 15 (noting that Bershad's usefulness as a Government witness would be "impaired substantially" if he were required to file a responsive pleading in this action). Bershad's cooperation is a condition of his plea agreement and requiring him to answer at this time, and thereby undermine his usefulness to the Government, places him in an untenable position of choosing between defending this case and jeopardizing his ability to provide substantial assistance in the criminal case.

Moreover, requiring an expedited answer during the stay does not serve the interests of judicial economy in that Bershad simply would have to file an amended answer following his sentencing, supplanting any Fifth Amendment privilege assertions, and the initial expedited answer would be superseded and rendered of no legal significance. *See* FED. R. CIV. P. 15(a)(2). Finally, to the extent Plaintiffs are requesting the expedited answer as a purported trigger for serving discovery, that proposal also is an impermissible basis for altering the well-established sequence of civil litigation, as set forth in Section III, *infra*.

### III. No Discovery Should Proceed Until the Stay Is Lifted.

As a final purported "exception" to the stay requested by the Government, Plaintiffs seek leave to serve written discovery demands during the stay and to force Defendants to respond to those requests within five days after the stay is lifted. *See* D.E. #25 at 1, 3, 7-8. Bershad objects

to that request as inefficient and contrary to the interests of judicial economy. *See Tolkow*, 109 F.R.D. at 120 (finding that "the resolution of the criminal case might reduce the scope of discovery in the civil case or otherwise simplify the issues."); *Transworld*, 886 F.Supp. at 1140 (granting stay because "the resolution of the Criminal Case may reduce the scope of discovery in the civil case and the evidence gathered during the criminal prosecution can later be used in the civil action."); *Volmar*, 152 F.R.D. at 41 (finding that "evidence presented at the criminal trial may obviate the need for document production and depositions, and would substantially reduce both plaintiffs' and defendants' litigation costs" and that such considerations of judicial economy were "particularly applicable" to court's decision to enter a complete stay).

Moreover, Bershad will be prejudiced by the necessity to respond to potentially voluminous discovery requests while simultaneously fulfilling his obligations to cooperate with the Government in preparation for trial. Responding to discovery will also prejudice Bershad by interfering with his ability to focus on preparation for his sentencing in the criminal case.

On the other hand, Plaintiffs would not be prejudiced by waiting to serve discovery until after the stay is lifted because the issues on which they need discovery almost certainly would be narrowed through litigation of the criminal proceedings. Requiring the parties to prepare discovery responses and potentially litigate discovery disputes that may ultimately be rendered moot is a complete waste of the parties' and the Court's resources. Moreover, the time periods provided in the Federal Rules of Civil Procedure for responding to discovery are presumptively sufficient to protect Plaintiffs' desire for expeditious responses. *See* FED. R. CIV. P. 33(b)(3); 34(b)(2)(A); 36(a)(3). Plaintiffs' request for expedited discovery as an "exception" to the stay sought by the Government, therefore, should be denied.

## CONCLUSION

Plaintiffs' proposed "exceptions" to a stay of these proceedings pending the resolution of

the related criminal matter are an unwarranted deviation from the Federal Rules of Civil Procedure, would unfairly jeopardize Bershad's rights, risk damaging the Government's criminal prosecution, and would constitute an inefficient waste of judicial resources. Plaintiffs will suffer no prejudice from awaiting the outcome of the related criminal proceedings. For the reasons set forth above, and for any other reasons that may appear to the Court, Defendant David J. Bershad respectfully requests that the Court deny Plaintiffs' requested "exceptions" for expedited Answer and expedited written discovery. The Court should grant the full stay sought by the Government.

Respectfully submitted,

/s/ Christopher M. DiMuro
Christopher M. DiMuro, Esq. (CD4149)
Robert D. Luskin, Esq
Jamie S. Gardner, Esq.

PATTON BOGGS LLP
1185 Avenue of the Americas, 30th Floor
New York, New York 10036
Telephone: (646) 557-5100
Facsimile: (646) 557-5101
cdimuro@pattonboggs.com

-And-

/s/ Andrew M. Lawler
Andrew M. Lawler, Esq.

ANDREW M. LAWLER, P.C.
641 Lexington Avenue, 27th Floor
New York, NY 10022
Telephone: (202) 832-3160
alawler@amlpc.com

Attorneys for Defendant
David J. Bershad

Dated: March 14, 2008