Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1998 WL 167333 (S.D.N.Y.), 1998-1 Trade Cases P 72,161
**(Cite as: Not Reported in F.Supp.)**

Philip Morris Inc. v. Heinrich
S.D.N.Y.,1998.

United States District Court, S.D. New York.
PHILIP MORRIS INC., Plaintiff,
v.
Michael HEINRICH, Masta Displays Co., AM-PM Sales Co., Inc., Richard Billies, Sidney Rothenberg, John Billies, Sonia Graphics, Jose Rivera, Jomar Displays, Inc., Martin Neier, Joel Spector, Visart Mounting and Finishing Corp., Dani Siegel, Genetra Affiliates Inc., Manufacturers Corrugated Box Co., Inc., Irving Etra, Barry Besen, Winko New Jersey, Inc., Winko Packaging, Inc. (Formerly Known as Republic Container Corp., a New York corporation), Republic Container Corp., a New Jersey corporation, Stanley Winikoff, Amy Winikoff, and X-L Services, Inc., Defendants.
No. 95 Civ. 0328(LMM).

April 8, 1998.

MEMORANDUM AND ORDER

MCKENNA, J.

**\*1** Defendant Dani Siegel ("Siegel") moves for an order extending his time to answer the Second Amended Complaint ("the Complaint") until the pending criminal case against him has concluded. For the reasons set forth below, the motion is granted.

I.

On May 9, 1997, pursuant to a plea and cooperation agreement with the Antitrust Division, Siegel pled guilty to participating in a tax conspiracy. The Antitrust Division has agreed to move to dismiss the remaining Sherman Act charge against Siegel provided that he fulfills his obligations under the agreement. Unless and until the remaining indictment is dismissed at the time he is sentenced, Siegel remains subject to federal prosecution on the Sherman Act charge involving the allegations of bid-rigging that are at issue in this civil action. Presently, the date set for Siegel's sentencing is June 29, 1998.

II.

The Second Circuit has recognized the negative consequences a defendant such as Siegel may suffer if forced to testify before being sentenced on one count to which he has plead guilty when he remains subject to prosecution on other open counts. *See United States v. Bahadar,* 954 F.2d 821, 824 (2d Cir.1992). Specifically, any testimony that Siegel gives could be "used as the basis for an upward departure at sentencing, or as evidence to support a prosecution on the ... open counts." *Id.*

Siegel has not yet been sentenced and still remains subject to prosecution on the Sherman Act charge unless and until the indictment is dismissed at his sentencing. As a result, Siegel is entitled to assert his Fifth Amendment privilege against self-incrimination with respect to the bid-rigging conspiracy alleged in the Complaint.

III.

Philip Morris contends that if the Court finds that Siegel may assert his Fifth Amendment privilege against self-incrimination, the Court should order Siegel to answer all allegations in the Complaint except those that he, in good faith, believes to be protected by the privilege. In making this determination, the Court must balance Siegel's Fifth Amendment rights and Philip Morris' interest in obtaining an expeditious resolution of the action. *United States v. Certain Real Property and Premises Known As: 4003-4005, Fifth Avenue, Brooklyn, New York,* 55 F.3d 78, 82-84 (2d Cir.1995).

If the Court orders Siegel to answer the Complaint

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06950-LAP   Document 34-2   Filed 03/14/2008   Page 2 of 2

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1998 WL 167333 (S.D.N.Y.), 1998-1 Trade Cases P 72,161
**(Cite as: Not Reported in F.Supp.)**

and he asserts his Fifth Amendment privilege in his answer, he would be forced to suffer the consequence that a trier of fact may draw an adverse inference from his assertion of the privilege. As such, Siegel has a significant interest in having his criminal case resolved before he files an answer in this civil action. In contrast, Philip Morris has not demonstrated that it would be unduly prejudiced by delaying the prosecution of its case against Siegel until he is sentenced. As an initial matter, the stay sought will hinder the progress of the litigation only with respect to one of many defendants and last only a few months. In addition, discovery is not set to close until June 30, 1998 and may be extended to accommodate Philip Morris' need to conduct additional discovery after Siegel answers the Complaint. Consequently, the balance of factors reveals that any prejudice that Philip Morris may suffer is clearly outweighed by Siegel's interest in asserting his Fifth Amendment privilege. Accordingly, the Court declines to order Siegel to answer the Complaint and specifically invoke his Fifth Amendment privilege when he, in good faith, believes that he is entitled to do so.

IV.

**\*2** Siegel's motion for an order extending his time to answer the Complaint until the pending criminal case against him has concluded is granted.

SO ORDERED.

S.D.N.Y.,1998.
Philip Morris Inc. v. Heinrich
Not Reported in F.Supp., 1998 WL 167333 (S.D.N.Y.), 1998-1 Trade Cases P 72,161

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.