```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

LINDA MARSHALL, BEN DAMPIOS, AL
SPILLOWAY, BERNIE APOTHEKER, HARRY
ESPOSITO and BRENT WENTZ, on behalf
of themselves and all others similarly
situated,

                Plaintiffs,

     vs.                              Civil Action No. 07 CV 6950(LAP)

MILBERG WEISS BERSHAD & SCHULMAN
LLP, LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP, MELVYN I.
WEISS, DAVID J. BERSHAD, and STEVEN
G. SCHULMAN, DOES 1 THROUGH 15,

                Defendants.

- - - - - - - - - - - - - - - - - - - X
```

<u>GOVERNMENT'S RESPONSE TO PLAINTIFF'S PARTIAL OPPOSITION TO
GOVERNMENT'S MOTION TO INTERVENE AND FOR STAY OF ALL PROCEEDINGS</u>

```
                                    THOMAS P. O'BRIEN
                                    United States Attorney
                                    Central District of California
                                    1100 United States Courthouse
                                    312 North Spring Street
                                    Los Angeles, California 90012

                                    MICHAEL J. GARCIA
                                    United States Attorney
                                    Southern District of New York
                                    One St. Andrews Plaza
                                    New York, New York 10007
                                    (Local Counsel)
```

RESPONSE TO PLAINTIFFS' PARTIAL OPPOSITION TO GOVERNMENT'S
MOTION TO INTERVENE AND FOR STAY OF ALL PROCEEDINGS

The Government respectfully submits this Response to plaintiffs' Partial Opposition to the Government's Motion to Intervene and For A Stay of All Proceedings in this action (hereinafter "Plaintiffs' Opposition").

ARGUMENT

I. THE COURT SHOULD GRANT THE GOVERNMENT'S UNOPPOSED MOTION TO INTERVENE

Plaintiffs do not object to the Government's intervening in this case. See Plaintiffs' Opposition at 1. None of the defendants object to the Government's intervening in this case. Therefore the Government's Motion to intervene is unopposed. The Government's Motion provides good grounds for intervention pursuant to Federal Rules of Civil Procedure 24(a)(2) and 24(b)(2). See Government's Motion at 8-11. Accordingly, the Government respectfully requests that the Court grant its unopposed Motion to intervene in this case.

II. THE COURT SHOULD STAY ALL PROCEEDINGS, EXCEPT TO ALLOW PLAINTIFFS TO FILE AN AMENDED COMPLAINT PURSUANT TO RULE 15(a)(1)(A)

Plaintiffs do not object to the Government's requested stay of all proceedings with four exceptions: (1) plaintiffs are permitted to file an amended complaint; (2) defendants must answer the amended complaint; (3) plaintiffs may serve written discovery demands; and (4) defendants shall serve responses to

1

plaintiffs' discovery demands five days after the stay is lifted. Plaintiffs' Motion at 1. The Government will address each of plaintiffs' proposed exceptions in turn.

>    A.    Plaintiffs May Be Permitted To File An Amended Complaint Pursuant to Federal Rule of Civil Procedure 15(a)(1)(A)

Federal Rule of Civil Procedure 15(a)(1)(A) provides that prior to trial a party "may amend its pleading once as a matter of course . . . before being served with a responsive pleading." Here plaintiffs have not been served by defendants with responsive pleadings to their complaint, with the exception of the Coughlin Firm's pending motion to dismiss the complaint with prejudice and without leave to amend. Therefore, plaintiffs would be permitted to amend their complaint once as a matter of course pursuant to Rule 15(a)(1)(A), as to defendants Milberg Weiss LLP, Melvyn I. Weiss ("Melvyn Weiss"), David J. Bershad ("Bershad"), and Steven G. Schulman ("Schulman").[1] Since filing an amended complaint during the stay does not prejudice the Government's prosecution in U.S. v. Milberg Weiss, the Government does not object to allowing plaintiffs to file one amended complaint pursuant to Rule 15(a)(1)(A), except as to the Coughlin Firm.

---

[1] See Response of the Coughlin Firm to the United States' Motion For A Stay at 2-3 (plaintiffs should not be allowed to amend their complaint as to the Coughlin Firm given the firm's pending motion to dismiss and plaintiffs' stipulation that the motion would be considered despite any stay).

2

> B. <u>Defendants Should Not Be Required To Answer Plaintiffs' Amended Complaint During The Stay</u>

Plaintiffs claim that requiring defendants to answer their amended complaint during the stay will not prejudice the Government or defendants. Plaintiffs' Opposition at 5-7. Plaintiffs indicate that the contemplated amended complaint will add factual allegations based on Bershad's and Schulman's guilty pleas and plea agreements in <u>U.S. v. Milberg Weiss</u>. <u>Id.</u> at 5 n.2. The amended complaint presumably will also reflect allegations of criminal conduct asserted in second superseding indictment in <u>U.S. v. Milberg Weiss</u>. Defendants Bershad and Schulman, who are cooperating prosecution witnesses, have entered guilty pleas that admit to some of the facts alleged in the second superseding indictment.

If forced to answer the plaintiffs' amended complaint, Bershad and Schulman would be faced with the requirement that they admit or deny each of the allegations asserted therein against them. Fed. R. Civ. P. 8(b)(1)(B). As a practical matter, a general denial would not be permitted since they could not in good faith deny all the allegations of the amended complaint. Fed. R. Civ. P. 8(b)(3). Any material allegations in the amended complaint, other than amount of damages, would be deemed admitted if not effectively denied in the answer. Fed. R. Civ. P. 8(b)(6). While Bershad and Schulman retain their Fifth Amendment privilege against self-incrimination, they cannot rely

3

on that privilege to refuse to file an answer to the factual allegations in the complaint.  See Mitchell v. United States, 526 U.S. 314, 325-26 (1999) (Fifth Amendment privilege continues until conviction and sentence have become final); Beth Israel Medical Center v. Smith, 576 F. Supp. 1061, 1072 (S.D.N.Y. 1983) (defendants who claimed Fifth Amendment privilege required to answer civil RICO complaint's factual allegations and could assert privilege as to matters they believed in good faith covered by privilege).  This places Bershad and Schulman in "the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case."  Trustees of the Plumbers and Pipefitters Nat'l Pension Fund v. Transworld Mechanical, Inc., 886 F. Supp. 1134,  1139-40 (S.D.N.Y. 1995) (hereinafter "Plumbers Fund")(ordering stay of all proceedings in civil case pending resolution of criminal case so as not to interfere with defendants' Fifth Amendment rights); Crawford & Sons, Ltd. v. Besser, 298 F. Supp. 2d 317, 320 (E.D.N.Y. 2004) (ordering stay of all civil proceedings, including the service of the defendants' answers, pending resolution of parallel criminal action).

    Contrary to plaintiffs' claim, there is prejudice to the Government, Bershad, and Schulman if these defendants are required to answer an amended complaint before U.S. v. Milberg Weiss is resolved.  The Government is prejudiced if Bershad and

4

Schulman file answers substantively addressing the specific factual allegations in the amended complaint, since this may create material that could be used to cross-examine them at trial in U.S. v. Milberg Weiss, particularly as to matters that are beyond the scope of their guilty pleas. See In re Worldcom, Inc. Securities Litigation, 2002 WL 31729501, *6-10 (S.D.N.Y. 2002) (the U.S. Attorney has significant interest in preserving the usefulness of cooperating defendants as Government witnesses in criminal case; both civil discovery and time to answer complaint ordered stayed as to those witnesses).  Furthermore, to the extent Bershad's and Schulman's answers disclose the substance of their potential testimony in advance of the criminal trial, the disclosure could facilitate efforts by Milberg Weiss and Melvyn Weiss or others to manufacture evidence and tailor defenses to the Government's proof.  Therefore, prejudice to the Government's criminal case is not avoided by staying discovery but requiring defendants to answer extensive factual allegations in the amended complaint.  If, on the other hand, Bershad and Schulman avoid taking factual positions and instead assert their Fifth Amendment privilege in answering the amended complaint, they are prejudiced in their ability to defend themselves in the civil action.[2]

---

[2] Defendants are also prejudiced if they are required to answer before they can file and litigate motions to dismiss the amended complaint, pursuant to Federal Rule of Civil Procedure 12(b).  Plaintiffs' Opposition at 6 proposes that defendants be allowed to make Rule 12(b) motions after the stay is lifted, but

In sum, substantial prejudice to the Government and defendants is present if defendants are required to answer the amended complaint during the stay.

C. The Requested Stay Should Not Be Modified To Allow Plaintiffs To Serve Discovery Demands On Defendants To Which They Must Respond Five Days After The Stay Is Lifted

Plaintiffs argue that they should be allowed to serve written discovery demands, i.e., interrogatories, requests for documents, and requests for admissions, on defendants during the stay since mere service of these demands would not prejudice defendants or the Government. Plaintiffs couple this, however, with their proposal that defendants be required to serve responses to plaintiffs' discovery demands five days after the stay is lifted. Plaintiffs' Opposition at 5-6. The scope and extent of plaintiffs' discovery demands are unknown, of course, but it is likely that they will call for all defendants to respond with voluminous discovery, since discovery in the criminal case has been voluminous. Thus all defendants would be burdened with having to prepare discovery in response to plaintiffs' demands while defendants are simultaneously involved in trial or sentencing proceedings in the criminal case. Such dual demands on defendants' time and resources would unfairly prejudice them with regard to the criminal case. See Worldcom,

---

still requires them to answer the amended complaint during the stay.

6

2002 WL 31729501 at *9 (noting burden imposed on defendants in simultaneous defense of both criminal and civil cases).

Moreover, plaintiffs' propounding discovery demands to defendants during the stay is highly inefficient since resolution of the criminal case may reduce the scope of discovery needed in the civil case and provide evidence that can be used in the civil case. Plumbers Fund, 886 F. Supp. at 1140; Rosenthal v. Giuliani, 2001 WL 121944 at *2 (S.D.N.Y. 2001) (stay will streamline later civil discovery since transcripts from the criminal case will be available to the civil parties). Plaintiffs' proposal to serve discovery demands during the stay conflicts with considerations of judicial economy that support the stay. Volmar Dist., Inc. v. New York Post Co., Inc., 152 F.R.D. 36, 41 (S.D.N.Y. 1993).

After the completion of the criminal case the parties in this civil case will be far better equipped to formulate and respond to appropriate discovery demands, using the time frames permitted by the applicable Federal Rules of Civil Procedure.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its motion to intervene and issue an order staying all further proceedings in this action, except

that plaintiffs may file an amended complaint pursuant to Rule 15(a)(1)(A), except as to the Coughlin Firm.

Dated:   Los Angeles, California
         March 14, 2008

                              Respectfully submitted,

                              THOMAS P. O'BRIEN
                              United States Attorney
                              Central District of California


                         By:  _s/Richard E. Robinson_____
                              RICHARD E. ROBINSON
                              Assistant U.S. Attorney
                              (213) 894-0713

                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York


                         By:  _S/Stanley J. Okula, Jr._____
                              STANLEY J. OKULA, JR.
                              Assistant U.S. Attorney/Local
                              Counsel
                              (212) 637-1585